**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Waymond Richard HATCHER,**
**Defendant-Appellant.**

**No. 73-3042.**

United States Court of Appeals,
Ninth Circuit.

April 29, 1974.

J. Scott Buchanan (argued), Larscheid, Millhone, Buchanan, Winingar & Kerlan, Sacramento, Cal., for defendant-appellant.

Bruce Babcock, Jr., Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and TAYLOR,* District Judge.

OPINION

PER CURIAM:

Hatcher appeals from a conviction for interstate transportation of a stolen ve-

---

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

hicle, a violation of the Dyer Act, 18 U. S.C. § 2312. We affirm.

■■ The trial judge admitted evidence of appellant's three prior Dyer Act convictions, one of which dated from 1955. Appellant claims that the district judge failed to properly exercise his discretion under the *Luck* rule which requires the trial judge to weigh the relevance of the prior convictions as affecting a defendant's credibility against their prejudicial impact. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763, 768–769 (1965); *see also* United States v. Palumbo, 401 F.2d 270, 273 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969). While dicta in our previous cases becloud the issues somewhat, *see* United States v. Walling, 486 F.2d 229, 237 (9th Cir. 1973), the *Luck* rule has been adopted, at best, only to a limited degree in this circuit. *Compare* United States v. Villegas, 487 F.2d 882 (9th Cir. 1973) *with* United States v. Holley, 493 F.2d 581 at 585–586 (9th Cir. 1974) (Hufstedler, J., dissenting). Old convictions may, in the discretion of the trial court, be excluded as insufficiently probative of credibility. *See* United States v. Allison, 414 F.2d 407, 412 (9th Cir.) (dictum), cert. denied, 396 U.S. 968, 90 S.Ct. 449, 24 L.Ed.2d 433 (1969); Singleton v. United States, 381 F.2d 1, 4 (9th Cir.) (dictum), cert. denied, 389 U.S. 1024, 88 S.Ct. 601, 19 L.Ed.2d 673 (1967). The trial judge here considered that the convictions were not too aged to outweigh their relevance. Admitting evidence of the prior convictions was not an abuse of the trial court's limited discretion. The convictions were for theft which is more indicative of credibility than, say convictions for crimes of violence. *See* United States v. Puco, 453 F.2d 539, 543 (2nd Cir. 1971). Moreover, the most serious problem exists as to the 1955 conviction, and that conviction was not followed by a legally blameless life, a fact which might have made it, in isolation, both less probative and more prejudicial.

■ Appellant next complains that he should have been given a *Miranda* warning when initially questioned by the police officer who later arrested him. Appellant was seen seven hundred yards or so down the road from a car, later discovered to be stolen, which had apparently been in an accident and abandoned off the road. Appellant was asked to get in the officer's car, which evidently was precariously parked on the road's edge, in order to return to the abandoned automobile. Even assuming he was then in "custody"—which we seriously doubt, *see generally* Lowe v. United States, 407 F.2d 1391 (9th Cir. 1969)—appellant only denied knowledge of the car, except to say he had seen two persons leave it and head into the woods, prior to being given the *Miranda* warning. His answers were damaging only to his credibility at trial and in view of the incredible story he told there and the other, overwhelming evidence negating his story, admission of this evidence was, at most, harmless error.

■ Appellant's third assignment of error is frivolous. A witness, Katherine Parrish, testified to a conversation between the owner of the stolen car, Joe Guiffre, and appellant which occurred just prior to the theft. She testified that Guiffre told appellant he might sleep in the car and that they (Guiffre and Parrish) would be out in a few minutes, testimony which clearly indicated that Hatcher took the car without Guiffre's consent. This was not hearsay. Testimony as to the statements was not offered to prove their truth but merely to prove that they were made. The operative fact sought to be proved was the objective permission to use or not use the car, not Guiffre's hidden intent. *See e.g.*, Patterson-Stocking, Inc. v. Dunn Brothers Storage Warehouses, Inc., 201 Minn. 308, 276 N.W. 737 (1937); *see generally* 6 J. Wigmore, Evidence §§ 1766–89 (3d ed. 1940).

Affirmed.