UNITED STATES of America, Appellee,

v.

Benson Joseph DONOHO, Appellant.

No. 77–1999.

United States Court of Appeals,
Ninth Circuit.

May 12, 1978.

Samuel Alba, Phoenix, Ariz., for appellant.

Kenneth Fields, Phoenix, Ariz., for appellee.

Before BARNES and CHOY, Circuit Judges, and LYDICK,* District Judge.

PER CURIAM:

Appellant was convicted of Counts Four, Five and Six of a six-count indictment. In Count Four, he was charged with violation of 26 U.S.C. § 5861(d) (possession of unregistered firearm); in Count Five with violation of 26 U.S.C. § 5861(i) (possession of an unserialized firearm); and in Count Six with violation of 26 U.S.C. § 5861(e) (transfer of firearm without written application). In each count, 26 U.S.C. § 5871 was charged to establish the penalty for the crimes, and 18 U.S.C. § 2 was also added to Counts Four and Five to charge the aiding and abetting of the alleged crime. During the course of the trial, the Court dismissed the first three counts of the indictment and renumbered the last three as Counts One, Two and Three. All counts related to the possession or transfer of a .22 caliber Maxim silencer on November 17, 1975.

This Court has jurisdiction of this appeal under 28 U.S.C. § 1291.

Appellant presents three issues for our review:

1. Did the District Court err in excluding character testimony relating to specific instances of appellant's conduct?

2. Did the District Court err in denying defendant's motion for judgment of acquittal based on the "procuring agent" theory? and

3. Did the District Court err in allowing the Government to impeach the defendant by proof of a prior misdemeanor theft conviction?

I

CHARACTER EVIDENCE

The defense attempted to establish defendant's character by introducing testimony of specific instances of conduct which would have reflected favorably on appellant. The trial court ruled such testimony inadmissible. Whether that decision was correct depends upon the application of Fed.R.Evid. 405(b) to the facts of this case.

Rule 405(b) provides that "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may . . . be made of specific instances of conduct." At trial appellant raised the defense of entrapment. If character or a trait of character is an essential element of the defense of entrapment, then the District Court should have admitted relevant testimony of specific instances of conduct.

But character or a character trait is not an essential element of the entrapment defense. That defense has two elements: a government official must have induced the defendant to commit the crime; and the defendant must not have been predisposed to commit the crime. *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Neither element concerns character or a character trait. The inducement concerns actions taken by persons other than the defendant,

* The Honorable Lawrence T. Lydick, United States District Judge, Central District of California, sitting by designation.

and the predisposition concerns the defendant's state of mind prior to the inducement.

■ We recognize that proof of character may be relevant to the entrapment defense because it may make more probable than not that a defendant possessed a certain state of mind. It is the state of mind itself, however, and not the method of proving the state of mind, which operates as an essential element of the defense. Moreover, predisposition may be shown by methods other than proof of character, including proof of prior similar conduct and convictions for prior similar conduct. *Whiting v. United States*, 296 F.2d 512 (1st Cir. 1961), *cert. denied*, 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963); *Carlton v. United States*, 198 F.2d 795, 797 (9th Cir. 1952); *Pulido v. United States*, 425 F.2d 1391, 1393–94 (9th Cir. 1970); *but see United States v. McClain*, 531 F.2d 431, 435–437 (9th Cir.), *cert. denied*, 429 U.S. 835, 97 S.Ct. 102, 50 L.Ed.2d 101 (1976) (hearsay testimony inadmissible to show predisposition in the absence of exception to the hearsay rule). Because proof can be made by several methods, character is not even an essential method of proof, much less an essential element of the defense itself.

■ Even if character were an essential element of an entrapment defense, proof of character would still be subject to the restraints of relevance. *United States v. Ambrose*, 483 F.2d 742, 748 (6th Cir. 1973). Much of the testimony concerning specific acts of the defendant was remote and the District Court was well within its discretion in ruling it not relevant. The jury was properly instructed as to the elements of entrapment and reasonably could have concluded that there was none here. *United States v. Gonzales-Benitez*, 537 F.2d 1051 (9th Cir.), *cert. denied*, 429 U.S. 923, 97 S.Ct. 323, 50 L.Ed.2d 291 (1976). We find no error in the District Court's ruling as to the character evidence.

## II

## THE "PROCURING AGENT" THEORY

Appellant next urges that the trial court should have acquitted him because he acted only as an agent in procuring the illegal firearms and delivering them to another person. We disagree.

In *Vasquez v. United States*, 290 F.2d 897, 898 (9th Cir. 1961), we recognized the Third Circuit's decision, *United States v. Prince*, 264 F.2d 850 (3d Cir. 1959), that a procuring agent for a purchaser could not be convicted of a sale of heroin. However, we declined there to decide whether the same rule applied to a charge of facilitating the sale of heroin, and found no reversible error despite the procuring agent theory urged by the defendant. Later, the procuring agent theory was specifically rejected by this Court in *United States v. Hernandez*, 480 F.2d 1044 (9th Cir. 1973) insofar as the distribution of controlled substances is concerned, this Court noting that the law of this Circuit provides that a procuring agent properly may be convicted of facilitation of transfer or sale. *Id.* at 1046–1047.

■ Counts One and Two here deal only with the possession of a certain type of firearm and not the sale, transfer or delivery thereof. Because the prosecution clearly established the elements of possession, *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the procuring agent theory could apply only to Count Three. Inasmuch as the sentences on the three counts were identical and to run concurrently, the alleged error would be harmless because it could not affect or control the convictions for the first two counts. In any event the trial court properly submitted the third count to the jury because appellant could have been convicted on that count as a procuring agent. Furthermore, the jury reasonably could have concluded that appellant was not merely a procuring agent. For all these reasons, the trial court did not err in denying the motion for judgment of acquittal.

## III

## PRIOR MISDEMEANOR CONVICTION

Appellant last urges that the Government's use of a prior misdemeanor convic-

tion to impeach his testimony constituted reversible error. The conviction was for petty theft, which involved the taking of a gun from his employer in 1971.

The governing rule is Fed.R.Evid. 609(a) which provides:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime . . . (2) involved dishonesty or false statement, regardless of the punishment."

Most crimes involve dishonesty, but dishonesty has assumed a special meaning in the context of Fed.R.Evid. 609(a). It refers to the inclination not to tell the truth. Conviction of crimes such as perjury, false statement, fraud, embezzlement or false pretense suggest that the witness, once having deceived, lied, or falsified, may do so again. House-Senate Conference Committee Notes to Federal Rule of Evidence 609; *United States v. Ortega*, 561 F.2d 803 (9th Cir. 1977). Accordingly, convictions for those types of crimes, even though they may be misdemeanors, properly may be used to impeach a witness.

Appellant's prior conviction was for the violation of 5 Ariz.Rev.Stats. §§ 13–661, 13–663B, and 13–661B. Section 13–661 includes as one of the categories of theft the knowing and designing defrauding of a person of money, labor or property through any false or fraudulent representation or pretense. Section 13–661B provides that "[a]ny false or fraudulent representation or pretense shall be treated as continuing so as to include any money, property or service received as a result thereof . . . .." The inclusion of section 13–661B in the conviction makes it clear that appellant's theft was based on a false and fraudulent representation or pretense, notwithstanding that the value of the article stolen made the theft classified as petty (§ 13–663B). The prior conviction therefore was for a crime which involved dishonesty as that term is used in Fed.R.Evid. 609(a). The District Court did not err in admitting the evidence of the prior conviction.

The judgment of the District Court is AFFIRMED.