**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary Wayne GLENN,
Defendant-Appellant.**

**No. 80–1619.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1981.

Decided Feb. 1, 1982.

Edward P. Moffat, Asst. Federal Defender, Fresno, Cal., for defendant-appellant.

Phil Cronin, Asst. U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before ADAMS,* KENNEDY and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Gary Wayne Glenn was convicted of possession of marijuana with intent to sell, possession of phencyclidine, and driving under the influence of drugs. He appeals, claiming that (1) some of the marijuana found in his car was the product of an illegal search, and should have been suppressed; (2) the evidence was insufficient to prove his intent to sell the marijuana; (3) evidence of his two prior convictions should not have been admitted; and (4) his sentence under the Federal Youth Corrections Act was impermissibly long. We remand for resentencing on the possession of phencyclidine and driving under the influence counts.

I

## LEGALITY OF THE SEARCH

On June 6, 1980, Glenn was stopped by Ranger Matthew Ducasse while driving through Yosemite National Park. His driving was erratic, and his behavior after being stopped suggested that he might be under the influence of drugs.

Ducasse asked Glenn to get out of his car. He then spotted a glass jar containing hand-rolled cigarettes on the floor of the car. Glenn concedes that the cigarettes were in plain view. The cigarettes proved to contain phencyclidine (PCP), a controlled substance. High levels of PCP were found in Glenn's blood and urine.

Ducasse testified that when he removed the PCP cigarettes from the car, he saw a jacket on the front seat with a plastic bag containing a leafy substance protruding from the pocket. He also testified that he saw a grey plastic tool box under the jacket, with another plastic bag containing a leafy substance protruding from it. Ducasse then seized the tool box and opened it. It contained sixteen small plastic bags of marijuana, a box of plastic sandwich bags, a 100-gram scale, a package of cigarette papers, and a map of Yosemite with several lists of numbers written on the back. Several additional bags of marijuana were found in the jacket.

Glenn moved to suppress the contents of the tool box and the jacket, arguing that they were the product of an illegal search. He testified that the tool box was not on the front seat of the car, but was instead on the floor covered by a blanket. Glenn also testified that there was nothing protruding from the box. The district court denied Glenn's motion to suppress. The court explicitly adopted Ducasse's version of the facts, and found that the search was authorized under the "plain view" exception to the fourth amendment's warrant requirement. *United States v. Finnegan*, 568 F.2d 637, 640 (9th Cir. 1977); *see Coolidge v. New Hampshire*, 403 U.S. 443, 464–73, 91 S.Ct. 2022, 2037–42, 29 L.Ed.2d 564 (1971).

■ Glenn concedes that if Ducasse's version of the facts is accepted, the "plain view" doctrine would justify the search of the tool box and the seizure of the marijuana. Glenn's only argument is that the district court erred in choosing to believe Ducasse's story instead of Glenn's. We cannot agree. The court made a finding of fact with respect to Ducasse's and Glenn's credibility. Such a finding of fact will not be disturbed unless clearly erroneous. *United States v. Vargas*, 643 F.2d 296, 297 (5th Cir. 1981); *see United States v. Wysong*, 528 F.2d 345, 349 (9th Cir. 1976). We see no reason to disturb the court's finding here. Ducasse's story was at least as credible as Glenn's.

II

## SUFFICIENCY OF THE EVIDENCE

The jury convicted Glenn of possession of marijuana with intent to sell, in violation of 21 U.S.C. § 841(a)(1) (1976); possession of PCP, in violation of 21 U.S.C. § 844(a)

---

* The Honorable Arlin M. Adams, Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

(1976); and driving under the influence of drugs, in violation of 36 C.F.R. § 4.6 (1980). Glenn does not challenge the sufficiency of the evidence on the latter two counts. However, he argues that the evidence on the first count was insufficient to prove that he intended to sell the marijuana found in his possession.

The evidence introduced at trial showed that Glenn possessed approximately 185 grams (between five and six ounces) of marijuana. An expert witness testified that this was considerably more than a person would ordinarily possess for personal use. The marijuana was divided into small packages, as if for sale. Glenn was carrying a 100-gram scale, and a box of plastic sandwich bags suitable for packaging marijuana. In addition, the evidence showed that Glenn had several hundred dollars on his person when he was arrested, although he was unemployed; that he was arrested on payday for Yosemite employees; and that he had written on a Yosemite map several columns of figures which could have been calculations of profit.

Glenn testified on his own behalf. He claimed that he bought the marijuana for his personal use, and that he had bought a large amount because the price was good. He claimed that the scale was to ensure that he had not been cheated, and that the cash came from odd jobs and a tax refund.

■ In reviewing the sufficiency of the evidence to support a criminal conviction, we inquire whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We view the evidence in the light most favorable to the Government. *Id.; Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Applying this standard, we conclude that a rational trier of fact could have chosen to disbelieve Glenn's testimony. From the Government's evidence, a rational trier of fact could have inferred that Glenn intended to sell the marijuana in his possession.

## III

## ADMISSIBILITY OF THE PRIOR CONVICTIONS

■ At trial, the court allowed Glenn to be impeached with evidence of a 1975 burglary conviction and a 1977 grand theft conviction. The admission of prior convictions for impeachment purposes is governed by Fed.R.Evid. 609(a), which provides that:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

In admitting Glenn's prior convictions, the court below refused to weigh the convictions' probative value against their prejudicial effect, as required under rule 609(a)(1). Instead, the court ruled that the convictions involved "dishonesty or false statement," and were thus admissible under rule 609(a)(2). Convictions involving "dishonesty or false statement" within the meaning of rule 609(a)(2) are automatically admissible; the court need not conduct a balancing test. *See United States v. Field*, 625 F.2d 862, 871 (9th Cir. 1980); *United States v. Dixon*, 547 F.2d 1079, 1083 (9th Cir. 1976).

In *United States v. Ortega*, 561 F.2d 803 (9th Cir. 1977), we addressed the question of which crimes involve "dishonesty or false statement" within the meaning of rule 609(a)(2). We reviewed rule 609's legislative history, and noted that the conference committee report on the rule limited the meaning of "dishonesty or false statement" to

> crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen*

*falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing upon the accused's propensity to testify truthfully.

561 F.2d at 806 (quoting H.R.Rep.No.93–1597, *reprinted in* [1974] U.S.Code Cong. & Ad.News 7051, 7098, 7103). We concluded that rule 609(a)(2) applied only to "those crimes that involve some element of misrepresentation or other indicium of a propensity to lie" and not to "those crimes which, bad though they are, do not carry with them a tinge of falsification." 561 F.2d at 806. *Accord, e.g., United States v. Field*, 625 F.2d 862, 871 (9th Cir. 1980); *United States v. Cook*, 608 F.2d 1175, 1185 n.9 (9th Cir. 1979) (en banc); *United States v. Donoho*, 575 F.2d 718, 721 (9th Cir. 1978); *United States v. Dixon*, 547 F.2d 1079, 1083 n.3 (9th Cir. 1976); *United States v. Seamster*, 568 F.2d 188, 190–91 (10th Cir. 1978); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977); *United States v. Smith*, 551 F.2d 348, 360–64 (D.C.Cir.1976); *Government of the Virgin Islands v. Toto*, 529 F.2d 278, 281–82 (3d Cir. 1976).

■■■ The conviction involved in *Ortega* was for petty shoplifting, and we held that it should not have been admitted under rule 609(a)(2). Although Glenn's prior convictions were for more serious crimes—burglary and grand theft—we think the *Ortega* rule applies to them as well. Generally, crimes of violence, theft crimes, and crimes of stealth do not involve "dishonesty or false statement" within the meaning of rule 609(a)(2). Although such crimes may indicate a lack of respect for the persons or property of others, *see Ortega*, 561 F.2d at 806, they do not "bear *directly* on the likelihood that the defendant will *testify* truthfully." *United States v. Hayes*, 553 F.2d at 827 (emphasis in original). *See United States v. Preston*, 608 F.2d 626, 638 n.15

(5th Cir. 1979); *United States v. Smith*, 551 F.2d at 362–63 & n.26.[1]

A conviction for burglary or theft may nevertheless be admissible under rule 609(a)(2) if the crime was actually committed by fraudulent or deceitful means. *See United States v. Donoho*, 575 F.2d 718, 721 (9th Cir. 1978); *United States v. Papia*, 560 F.2d 827, 847–48 (7th Cir. 1977). In such a case, the Government has the burden of producing facts demonstrating that the particular conviction involved fraud or deceit. *United States v. Smith*, 551 F.2d 348, 364 n.28 (D.C.Cir.1976). The record in this case does not show any of the circumstances surrounding Glenn's prior offenses. The admission of the burglary and grand theft convictions was therefore erroneous.

The Government argues that we should nevertheless affirm Glenn's convictions in this case, on the ground that admission of the prior convictions was harmless error. We agree that the error was harmless with regard to Glenn's conviction for driving under the influence of drugs and possession of PCP. The evidence with respect to these offenses was overwhelming. Blood and urine tests showed Glenn to be under the influence, and he admitted smoking the PCP cigarettes.

The conviction for possession with intent to distribute raises a closer question, but we conclude that the admission of Glenn's prior convictions was harmless here as well. Glenn's explanation of his presence in Yosemite with a large amount of marijuana, spare cash, and various paraphernalia associated with the sale of marijuana was unconvincing at best. The jury was justified in disbelieving Glenn's assertion that the marijuana was for his own personal use. Although knowledge of Glenn's prior convictions may have had some effect on the

---

1. The Government relies on *United States v. Wilson*, 536 F.2d 883 (9th Cir. 1976), and *United States v. Hatcher*, 496 F.2d 529 (9th Cir. 1974), for the proposition that "burglary and larceny are crimes which reflect on . . . credibility." In both *Wilson* and *Hatcher*, we held that a trial court had discretion to admit evidence of theft-related convictions because the convictions had some bearing on credibility.

Neither case was decided under rule 609, and neither is relevant to the question of whether theft crimes involve "dishonesty or false statement." The fact that theft convictions may have some bearing on credibility does not make them admissible under rule 609(a)(2). *United States v. Smith*, 551 F.2d 348, 365 (D.C.Cir. 1976).

jury's deliberations, we conclude that the error was more probably than not harmless. *See United States v. Hall*, 650 F.2d 994, 998 n. 6 (9th Cir. 1981).

## IV

### LEGALITY OF THE SENTENCE

Glenn's final argument relates to the length of the sentence imposed on him under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(b) (1976). Glenn contends that the imposition of a longer sentence under the FYCA than could have been imposed on an adult violates his rights to due process and equal protection.

Glenn was 24 years old at the time his offenses were committed. The district court concluded that he was a "young adult offender" and eligible for sentencing under the FYCA, *see* 18 U.S.C. § 4216 (1976), and was "suitable for handling" under the Act. On the first count (possession with intent to distribute), the court sentenced Glenn to "treatment and supervision pursuant to 18 U.S.C. § 5010(b) until discharged by the U.S. Parole Commission as provided in 18 U.S.C. § 5017(c)." Identical sentences were imposed on the other two counts, with sentences on all three counts to run concurrently.

Under section 5017(c), a youth offender is to be released "conditionally under supervision" no later than four years after conviction, and "unconditionally" no later than six years after conviction. Glenn's maximum sentence on each count is thus equivalent to four years' incarceration plus two years' parole. If Glenn had been sentenced as an adult, he could have received a maximum of five years' incarceration plus a mandatory two-year special parole term for possession with intent to distribute. 21 U.S.C. § 841(b)(1)(B) (Supp. III 1979). His FYCA sentence for possession with intent

to distribute was thus shorter than the sentence an adult could have received.

Glenn's FYCA sentences on the other two counts were longer than the sentences an adult could have received, however. An adult could have been sentenced to a maximum of one year's incarceration for possession of PCP, 21 U.S.C. § 844(a) (1976), and six months' incarceration for driving under the influence, 36 C.F.R. § 1.3 (1980).

We need not consider Glenn's constitutional arguments with respect to this disparity, because we are bound by our recent decision in *United States v. Amidon*, 627 F.2d 1023 (9th Cir. 1980). In *Amidon* we considered the Federal Magistrates Act of 1979, 18 U.S.C. § 3401 (Supp. III 1979), which had the effect of prohibiting magistrates from imposing FYCA sentences on misdemeanants longer than the maximum an adult could receive. The defendant in *Amidon* had been sentenced by a district judge rather than a magistrate, but we held that the prohibition applied to district judges as well:

> We see no reason why a defendant who happens to be sentenced by a district court judge instead of by a magistrate should be subject to the potential inequity of indeterminate YCA sentencing nor why Congress would have intended such a result. We therefore find it implicit in the Federal Magistrate Act of 1979 that Congress intended that neither a district court judge nor a magistrate may sentence a youth under the Youth Corrections Act to a term of confinement longer than it could impose on an adult.

627 F.2d at 1027.

Glenn's FYCA sentences for possession of PCP and driving under the influence exceeded the maximum that an adult could have received. Under the rule of *Amidon*, the sentences were excessive and must be reduced.[2]

---

**2.** The Government argues that Glenn's FYCA sentence was proper because Glenn could have received an adult sentence longer than six years if consecutive rather than concurrent sentences had been imposed. But the fact that the district court could have imposed consecu-

tive sentences does not permit us to pretend that the court did so. *Kennedy v. United States*, 330 F.2d 26, 28–29 (9th Cir. 1964); *see United States v. Best*, 571 F.2d 484, 486 (9th Cir. 1978); *United States v. Magliano*, 336 F.2d 817, 823 (4th Cir. 1964). The court sentenced

The convictions on all three counts are AFFIRMED. The sentences imposed on counts II (possession of PCP) and III (driving under the influence) are VACATED, and the court is directed to resentence Glenn to a term not in excess of that which could be imposed on an adult offender.

KENNEDY, Circuit Judge, concurring specially:

I concur in the result.

Glenn to three concurrent six-year terms, two of which exceeded the maximums permissible under *Amidon*.