**Johnnie SANDERS, Jr., Plaintiff—Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–35265.

D.C. No. CV–05179–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2003.*

Decided June 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before LAY,** GOODWIN, and GOULD, Circuit Judges.

MEMORANDUM***

Petitioner Johnnie Sanders, Jr., appeals from a district court decision affirming an administrative law judge's (ALJ) decision that Sanders is not "disabled" within the meaning of the Social Security Act. We reverse and remand for further proceedings.

I

The ALJ erred by rejecting examining psychologist John Robinson's opinions that Sanders suffers from intellectual and psychological problems. The ALJ's reasons were neither "clear and convincing" nor "specific and legitimate," *Edlund v. Massanari*, 253 F.3d 1152, 1158–59 (9th Cir. 2001), nor were the ALJ's reasons based on substantial evidence on the record as a whole, *see Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995).

 Sanders's alleged lack of credibility was not a valid basis for rejecting Dr. Robinson's opinion. *See Edlund*, 253 F.3d at 1159 (holding that an ALJ could not rely on a claimant's lack of overall credibility to reject the entirety of a psychologist's report, including portions that the psychologist deemed reliable). Dr. Robinson's opinion about Sanders's intellectual problems was based almost entirely on the objective tests Dr. Robinson administered, not on Sanders's subjective complaints.

 That Sanders's drank "a few beers one or two times a week" at home was not a valid reason for the ALJ to reject Dr. Robinson's opinions. *See id.* (holding that an ALJ may not reject an examining psychologist's test results as distorted by the claimant's alleged substance abuse when the psychologist never suggested that such distortion existed). The ALJ could not legitimately conclude, on this record, that Sanders's occasional moderate drinking at home resulted in the extreme intellectual

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and psychological problems Dr. Robinson reported.[1] Dr. Robinson's opinions must be credited as a matter of law. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995).

## II

■ The ALJ erred by disregarding the opinions of examining physician Sherri Barrett, M.D., that Sanders (1) may have difficulty with prolonged sitting and (2) may sometimes be unable to stand or walk throughout a day. The ALJ offered no "clear and convincing" reasons based on substantial evidence for disregarding Dr. Barrett's opinions, *Lester,* 81 F.3d at 833, so they must be credited as a matter of law. *See id.* at 834.

## III

The ALJ improperly rejected Sanders's testimony about his limitations for reasons that were not "clear and convincing" and not based on substantial evidence. *Id.* We reject each of the grounds set forth by the ALJ.

■ *First,* the ALJ improperly disbelieved Sanders's testimony that he was severely limited on the ground that Sanders had worked in prison. Sanders's prison janitor job required him to work only forty-five minutes per day; his prison van driver job required him to work only a few minutes per hour. This activity level is not inconsistent with Sanders's claimed limitations, so it has no bearing on his credibility. *See Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

■ *Second,* the ALJ improperly disbelieved Sanders's pain complaints on the ground that they were not fully corroborated by objective medical findings. *See Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986) (superseded by statute on unrelated grounds). On this record, Sanders's pain had to be considered.

*Third,* the ALJ improperly disbelieved Sanders's testimony that he found multiplication and division a "little tougher" than addition and subtraction. That Sanders could recite "his serial 3s and 7s" does not substantially impugn his testimony that multiplication and division were more difficult for him than addition and subtraction.

*Fourth,* the ALJ improperly disbelieved Sanders's testimony that he had trouble reading on the ground that his testimony contradicted itself. Sanders merely explained his method of reading, and he never contradicted himself.

*Fifth,* the ALJ improperly disbelieved Sanders's testimony that he has memory problems. That Sanders remembers *some* important things (such as his social security number, his criminal history, his prison time in California, his past work, and his childhood) does not mean he can remember *all* things normally.

*Sixth,* the ALJ improperly disbelieved Sanders's "statements concerning his im-

---

1. The Commissioner argues on appeal that Sanders is not entitled to disability benefits because alcoholism or drug addiction would be a "contributing factor material" to any ALJ determination that Sanders was disabled. *See* 42 U.S.C. § 423(d)(2)(c). Even assuming the ALJ based her decision on this ground (which is far from certain), *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir.2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.") (citation omitted), we hold that the decision was not based on substantial evidence. The record contains virtually no evidence that Sanders's extreme psychological and intellectual problems would vanish if he stopped drinking "a few beers one or two times a week." *See* 20 C.F.R. § 404.1535(b)(1) (providing that alcoholism or drug addiction is not a "contributing factor material" when the "individual would still be found disabled if she stopped using alcohol or drugs").

pairments and their impact on his ability to work" because Sanders told the ALJ he last drank alcohol in 1996 but told Dr. Robinson he last drank alcohol in 1997. This discrepancy in dates—which may have resulted from Sanders's memory problems rather than a calculated effort at deceit—was not a clear and convincing reason based on substantial evidence to discredit the entirety of Sanders's testimony.

*Seventh*, the ALJ improperly disbelieved Sanders's "statements concerning his impairments and their impact on his ability to work" because Sanders "has a criminal history of robbery and cocaine possession." That Sanders committed robbery and possessed cocaine does not bear directly on the credibility of his complaints about his physical and mental limitations, *see United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir.1982), and the ALJ erred by disbelieving Sanders on that ground.

*Finally*, the ALJ improperly disbelieved Sanders's statements on the ground that Sanders continued to profess his innocence after he pled guilty to burglary. But Sanders's guilty plea—an *"Alford* plea" in which he admitted no guilt—was not inconsistent with his protestations of innocence.

The ALJ improperly rejected Sanders's testimony as to his limitations, so Sanders's testimony should be credited as a matter of law. *See Lester*, 81 F.3d at 834.

### IV

The record was neither so ambiguous nor so inadequate as to impose on the ALJ an independent duty to call a medical expert to testify. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001). The ALJ did not err in this respect.

### V

■ Finally, the ALJ erred by failing to consider adequately whether Sanders's 72 verbal I.Q., when combined with his psychiatric problems, painful back, and anal warts, "equals" the mental retardation impairment listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990); *Lewis v. Apfel*, 236 F.3d 503, 512–13 (9th Cir.2000).

### VI

We reverse the district court's judgment and remand to the district court with instructions that it remand to the Commissioner for further evaluation.

**REVERSED and REMANDED.**