**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Victor Charles FOURSTAR, Jr.,**
**Defendant—Appellant.**

No. 03–30121.

D.C. No. CR–02–00052–1–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2004.

Decided Jan. 30, 2004.

Joseph E. Thaggard, Office of the U.S. Attorney, for Plaintiff–Appellee.

David F. Ness, Federal Defenders of Montana Great Falls Office, Great Falls, MT, for Defendant–Appellant.

* The Honorable Rudi Brewster, Senior District Judge for the Southern District of California, sitting by designation.

Before GRABER, CLIFTON, Circuit Judges, and BREWSTER, District Judge.*

## MEMORANDUM**

Victor Fourstar was convicted of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a). Fourstar raises several challenges in connection with his conviction. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

The government concedes that the district court erred when it treated certain out-of-court statements which the complainant made to her sister as admissible prior consistent statements pursuant to Fed.R.Evid. 801(d)(1)(B). A prior consistent statement may be only admitted if it was made prior to the alleged motivation to fabricate. *Tome v. United States*, 513 U.S. 150, 167, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). There must also be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony before the proponent offers a prior consistent statement. *United States v. Collicott*, 92 F.3d 973, 979 (9th Cir.1996). The complainant's statements were made at a time during which she allegedly had a motive to fabricate her testimony because she feared her parents' reaction to the fact that she had slept with Fourstar. Moreover, the sister's testimony regarding the complainant's statements was admitted prior to any charge by the defense of recent fabrication or improper motive concerning complainant's in-court testimony.

Because the violation of the hearsay rule in this case is not an error of constitutional

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

magnitude, "reversal is proper only if the government cannot show that the error was more probably than not harmless." *United States v. Beckman,* 298 F.3d 788, 793 (9th Cir.2002). To establish that the prejudice resulting from the error was more probably than not harmless, the government must show a "fair assurance" that the verdict was not "substantially swayed by the error." *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir.1997).

■ Admission of the hearsay portion of the sister's testimony was harmless error. That testimony was cumulative to that provided by the doctor who treated the complainant. He testified about her statements at the time of treatment to the effect that Fourstar punched, choked, and raped her. *See United States v. Peterson,* 140 F.3d 819, 822 (9th Cir.1998). He also testified that the complainant's right facial cheek was swollen and red, which was consistent with her claim that she had been hit in the face, and that he had been required to remove a tampon from an unusual place in the innermost portion of complainant's vagina, consistent with her claim that the sexual penetration was nonconsensual. As defendant properly conceded, the doctor's testimony concerning what the complainant told him during his medical examination was admissible pursuant to Fed.R.Evid. 803(4), which excludes from the hearsay rule statements made for purposes of medical diagnosis or treatment. Moreover, the sister's vivid description of the complainant's appearance and behavior following the attack, when she arrived home, was not hearsay and understandably was not objected to. The sister testified, for example, that the complainant looked pale and sick, abnormally expressionless and in shock. Under the circumstances, considering the doctor's testimony and the non-hearsay components of the sister's testimony, we con-

clude that the jury would have reached the same verdict even in the absence of the hearsay statements to the sister.

■ The district court did not abuse its discretion in ruling the complainant's prior burglary conviction to be inadmissible under Fed.R.Evid. 608(b). Burglaries or robberies are not crimes that inherently implicate an individual's dishonesty or truthfulness. *United States v. Glenn,* 667 F.2d 1269, 1273 (9th Cir.1982). The district court had nothing before it in the record to establish that the specific burglary at issue was probative of the complainant's truthfulness.

■ The district court was within its discretion when it overruled objections to the testimony of Agent Jackie DeCou. DeCou's testimony that the complainant "jumped from subject to subject" was admissible under Fed.R.Evid. 602, which permits a witness to testify about matters within her personal knowledge. DeCou's testimony that the complainant was acting "immature" for her age was admissible under Fed.R.Evid. 701, which "permits a lay witness to give opinion testimony as long as the opinion is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'" *United States v. Yazzie,* 976 F.2d 1252, 1255 (9th Cir.1992) (quoting Fed.R.Evid. 701). DeCou's statement regarding the complainant's maturity was rationally based on her perception and was helpful to the jury in forming a clearer understanding of the complainant's credibility and veracity. Moreover, DeCou did not offer impermissible "specialized" or "scientific" testimony; her testimony referred to a lay perception of maturity that people speak to everyday.

The district court did not err in refusing to give Model Jury Instruction 4.7. The Ninth Circuit's Model Jury Instructions

are not binding upon a district court. *See United States v. Warren,* 984 F.2d 325, 327 n. 3 (9th Cir.1993). The district court sufficiently informed the jury that it could weigh the complainant's status as "a liar" in assessing her credibility in its general jury charge that "in considering the testimony of any witness, you may take into account: ... (7) any other factors that bear on believability."

 The district court did not abuse its discretion in prohibiting the defense counsel on redirect examination from asking two witnesses whether they had discussed with "anyone else" exculpatory information they presented at trial but failed previously to provide to the authorities. The scope of redirect examination is generally "limited to the scope of cross-examination." *United States v. Lopez,* 575 F.2d 681, 686 (9th Cir.1978). The government's cross-examination of those witnesses focused on their failure to tell this information to the FBI and the police, which according to the government suggested that their trial testimony was fabricated. The fact that they might have talked to "anyone else" about such information would not have explained their failure to supply such information to the FBI and the police.

The district court did not commit plain error in failing to strike certain statements the prosecutor made during closing argument. These statements were responsive to comments made by the defense counsel and therefore did not constitute misconduct. *United States v. Sayetsitty,* 107 F.3d 1405, 1409 (9th Cir.1997). It is not "more probable than not that the alleged misconduct affected the jury's verdict." *United States v. McChristian,* 47 F.3d 1499, 1508 (9th Cir.1995). Because only one error occurred in this case—the con-

ceded, harmless hearsay error discussed above—the "cumulative error" doctrine is inapplicable. *United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996).

**AFFIRMED.**

