NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30136 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00010-BMM-1 |
| v. | |
| TYRELL HENDERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 12, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,[***] District Judge.

Tyrell Henderson appeals from his conviction for two counts of involuntary manslaughter in violation of 18 U.S.C. §§ 1112, 1153(a). As the parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Assuming without deciding that the district court erred in allowing the government to introduce evidence of Henderson's prior federal conviction at trial, the alleged error did not affect Henderson's substantial rights. *See United States v. Segal*, 852 F.2d 1152, 1155–56 (9th Cir. 1988); *see also United States v. Olano*, 507 U.S. 725, 732 (1993). Henderson argues that he was prejudiced by the alleged error because the jury was presented with "two plausible but conflicting" accounts of the car accident and the jury's verdict thus depended on its view of his credibility. *United States v. Jimenez*, 214 F.3d 1095, 1099 (9th Cir. 2000). But Henderson provides no reason to believe that his version of events, which contravenes all the physical evidence, as well as lay and expert testimony, presented at trial, is plausible. We therefore decline to grant Henderson a new trial on this ground. *See United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982).

2.    The district court did not err in denying Henderson's motion for a new trial based on his *Brady*/*Giglio* claim. The government concedes that the evidence at issue—that one of the government's witnesses was the subject of two unrelated misconduct investigations—was favorable to Henderson and was inadvertently suppressed. *See United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011). But the government also rightly maintains that no prejudice ensued from the omission

2

of this impeachment evidence.  *See id.*  At trial, the witness in question provided testimony that was cumulative of other evidence presented to the jury.  *See Turner v. United States*, 137 S. Ct. 1885, 1893–95 (2017).  And given the strength of the government's other evidence against Henderson—including photographs of the scene, the surviving victim's testimony, and expert and lay witnesses who testified about the accident—Henderson has failed to establish materiality, as the third prong of the *Brady*/*Giglio* test requires.  *See Kohring*, 637 F.3d at 901–02.

**AFFIRMED.**