

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-896 |
| Plaintiff - Appellee, | D.C. No.<br>3:21-cr-01515-H-1 |
| v. | |
| JOSHUA DAVID HAVINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted September 16, 2025[**]
Pasadena, California

Before: BYBEE, IKUTA, and LEE, Circuit Judges.

Joshua David Havins appeals the judgment imposed after a jury convicted

him of violating 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C.

§ 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly upheld the constitutionality of 18 U.S.C. § 922(g)(1). We held in *United States v. Duarte* that "§ 922(g)(1)'s permanent and categorical disarmament of felons [including non-violent felons] is consistent with this Nation's historical tradition of firearm regulations." 137 F. 4th 743, 761 (9th Cir. 2025) (en banc). Therefore, Havins's § 922(g)(1) conviction is constitutional.

The search warrant for Havins's property was properly issued. The officers' observation of shell casings on Havins's property did not need to be excised from the affidavit supporting probable cause. The district court did not clearly err in finding that the shell casings were observable from a public road near Havins's property. *United States v. Glenn*, 667 F.2d 1269, 1271 (9th Cir. 1982). Havins therefore did not have a reasonable expectation of privacy in the shell casings. *California v. Ciraolo*, 476 U.S. 207, 213 (1986). The officers also did not trespass onto Havins's property to see the shell casings. Instead, the officers saw the shell casings while conducting a knock and talk in a manner fully consistent with the "habits of the country." *Fla. v. Jardines*, 569 U.S. 1, 8 (2013) (quoting *McKee v. Gratz*, 260 U.S. 127, 136 (1922)). The officers therefore did not engage in an unlawful search to view the shell casings prior to receiving the search warrant. Havins's motion to suppress was properly denied.

**AFFIRMED.**