GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

PAUL TESTAMARK, Appellant

No. 75-1911

United States Court of Appeals

Third Circuit

Argued December 5, 1975

Filed January 29, 1976

GEORGE M. ALEXIS, ESQ., Federal Public Defender, Char-
lotte Amalie, St. Thomas, V.I., *for appellant*

ISHMAEL A. MEYERS, ESQ., Assistant U.S. Attorney, Char-
lotte Amalie, St. Thomas, V.I., *for appellee*

Before ALDISERT, WEIS and GARTH, *Circuit Judges*

ALDISERT, *Circuit Judge*

This appeal, following sentence for a criminal conviction, raises questions relating to the impeachment of appellant's credibility, and challenges the Virgin Islands' aggravated assault and battery statute implicating a female victim, 14 V.I.C. § 298 (5),[1] on Equal Protection grounds.

Appellant was charged with rape in the first degree, 14 V.I.C. § 1701(3), and unlawful entry, 14 V.I.C. § 445. A jury found him guilty of the lesser included offenses of aggravated assault and battery, 14 V.I.C. § 298(5), and trespass, 14 V.I.C. § 1741. The court imposed a concurrent sentence of one-year imprisonment. On appeal appellant contends that the trial court improperly took judicial notice for impeachment purposes of a prior conviction for petit larceny; additionally, for the first time, he raises a constitutional argument that the Virgin Islands' aggravated assault and battery statute violates the Equal Protection Clause of the fourteenth amendment because it imposes a higher penalty for assaulting a female than for assaulting a male.[2] We reverse the judgment of conviction, for the evidentiary error only, and order a new trial.

## I.

The facts relevant to this appeal are not controverted. At trial appellant took the stand in his own defense. On cross-examination, the prosecutor deliberately asked appellant if he had previously been convicted in the Virgin Islands of petit larceny. Appellant said that he could not

---

[1] 14 V.I.C. § 298 (5) reads in part: "Whoever commits an assault and battery . . . being an adult male, upon the person of a female . . . shall be fined not more than $500.00 or imprisoned not more than 1 year, or both."

[2] 14 V.I.C. § 299, the simple assault and battery statute, provides: "Whoever commits (1) a simple assault; or (2) an assault and battery unattended with circumstances of aggravation shall be fined not more than $50.00 or imprisoned not more than 30 days, or both."

recall. The prosecutor sought to prove the conviction. The better practice would have been to present official copies of the conviction records. Instead, the district court took judicial notice of court records, stating: "[W]e will take judicial notice and accept as an established fact that on or about the 10th of December, 1966, Paul Leroy Testamark was convicted of petit larceny . . . ." We find no error in the procedure the court utilized to place the conviction before the jury for impeachment purposes. See Berkowitz v. Philadelphia Chewing Gum Corp., 303 F.2d 585 (3d Cir. 1962); F. R. Evid. 609(a) and 201(b).

Notwithstanding the foregoing, we do find reversible error in the district court's decision to place this evidence before the jury. Although this issue—the Government's use of the petit larceny conviction for impeachment purposes—was not briefed, counsel did preserve the point at trial, and argued it to us.

We have held that a Virgin Islands conviction for petit larceny does not, ipso facto, qualify as a misdemeanor in the nature of crimen falsi so as to be admissible for impeachment purposes under the law of this circuit. Government of the Virgin Islands v. Toto, 529 F.2d 278, 281, n. 3 (3d Cir. 1976). Accordingly, such a conviction could not be used to impeach credibility in a trial conducted before the effective date of the new Federal Rules of Evidence; only convictions for felonies or for misdemeanors in the nature of crimen falsi could be used for such purposes. The trial in this case began on July 15, 1975—two weeks after the effective date of the new federal rules. But the new rules do not change this court's traditional rule relating to the types of misdemeanors which may be used for impeachment purposes. Rather, as we noted in Toto, supra, "the congressionally enacted Federal Rule tracks the substance of our long-standing practice." Accordingly, we hold that the district court erred in allowing evidence of the prior

conviction for petit larceny to come in for the purpose of impeaching appellant's credibility. Because the jury's ultimate factual determinations in the case depended largely on its assessment of the credibilities of various witnesses, we cannot dismiss this error as harmless error. Compare Brown v. United States, 411 U.S. 223, 231–32 (1973); United States v. Hopkins, 518 F.2d 152, 156 (3d Cir. 1975), with Government of the Virgin Islands v. Toto, supra.

## II.

Appellant also attacks the Virgin Islands' statutory scheme for assault under which an assault by an adult male or female on a male is, absent other circumstances, considered simple assault, carrying a maximum penalty of a $50 fine and 30 days in jail; if the victim is female and the perpetrator an adult male, however, the offense is deemed aggravated assault and battery, carrying a maximum penalty of a $500 fine and one year imprisonment. Appellant argues that this statutory scheme evinces a classification based on sex; that such a classification is "suspect", akin to alienage[3] or race;[4] and, accordingly, that the Government may only justify the disparity in statutory penalties by proof of "compelling state interests". American Party v. White, 415 U.S. 767, 780 (1974). Because the Government of the Virgin Islands has failed to so justify the classification, the argument continues, the statutory classification violates the Equal Protection Clause, and appellant's conviction for the offense of aggravated assault and battery must fall.

The Government counters by noting that a majority of the Supreme Court has never declared gender-based classifications to be suspect; the lead opinion in Fontiero v.

---

[3] E.g., Graham v. Richardson, 403 U.S. 365 (1971).

[4] E.g., Loving v. Virginia, 388 U.S. 1 (1967); McLaughlin v. Florida, 379 U.S. 184 (1964).

Richardson, 411 U.S. 677 (1973), upon which appellant relies, was only the opinion of a plurality. The Government further contends that classifications used in a remedial manner should not be deemed suspect, citing Tancil v. Woolls, 379 U.S. 19 (1964) (per curiam affirmance), and Norwalk CORE v. Norwalk Redevelopment Agency, 395 F.2d 920 (2d Cir. 1968). The Government suggests that this analysis explains Kahn v. Shevin, 416 U.S. 351 (1974), in which the Court upheld a classification treating men and women unequally, but favoring women.

██ ██ This constitutional attack was not raised in the district court. Although we have the power to notice constitutional issues presented for the first time on appeal, Krause v. Sacramento Inn, 479 F.2d 988, 989 (9th Cir. 1973); see Glidden Co. v. Zdanok, 370 U.S. 530, 535–36 (1962), we will meet such issues only when accompanied by an adequate record upon which to base an informed decision. Where, as here, the constitutional attack seeks to impugn an act of the legislature, it carries with it the gravest of responsibilities. In such circumstances, a proper record with suitable and adequate findings of basic facts is a sine qua non to judicial consideration. At this time, however, we have before us only the skimpiest of allegations set forth by appellant: "Presumably, the government would aver that since the female of our species is the weaker sex, protection of females is a legitimate overriding purpose that removes the initial suspicion. In the light of the strenuous (female welders and riveters during World War II) and athletic (girls participating in Little League baseball games and Billy Jean King's tennis victory over Bobby Riggs) activities in which today's females are engaged, oftimes in competition with males, the 'weaker sex' label is an anachronism." Appellant's Brief at 6. In this posture, we conclude that appellant has failed to provide the necessary supportive factual basis for his con-

stitutional challenge. Absent such a record, this court will not meet the constitutional challenge to § 298(5).

The judgment of sentence and conviction will be reversed because of the evidentiary error only. The proceedings will be remanded for a new trial.