UNITED STATES of America, Appellee,

v.

Frank Allen YEO, Appellant.

No. 83–2390.

United States Court of Appeals, Eighth Circuit.

Submitted June 22, 1984.

Decided July 24, 1984.

---

**386**

Robert G. Ulrich, U.S. Atty., J. Whitfield Moody, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Floyd R. Finch, Jr., Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., for appellant.

Before LAY, Chief Judge, and ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Frank Yeo appeals from his conviction for using extortionate means to collect a debt, in violation of 18 U.S.C. §§ 894(a)(1) and (2). On appeal Yeo alleges, among other things, that an instruction to the jury constructively amended the indictment. Because we agree with this contention, we reverse.

Yeo was charged in three counts of a four-count indictment. Count one, the only count on which Yeo was convicted, charged that on or about May 5, 1982, Yeo and Roy McMahan did aid, abet, cause, and participate in the use of an extortionate means to collect and attempt to collect from Jim Crouch an extension of credit made to Crouch by Roy McMahan. The indictment charged Yeo and McMahan with expressly and implicitly threatening Crouch with the use of violence and other criminal means, and that McMahan caused Yeo and Bobby Joe Boyd, who was not named as a defendant, to inflict blows on and about the head and body of Crouch. The other counts, on which Yeo was not convicted, charged that Yeo burned cars owned by David McConnell and Jim Stubbs to collect on extensions of credit.

Despite the specificity of the indictment, which charged only the three acts allegedly committed by Yeo, at trial the government introduced evidence of additional acts of alleged extortion outside the scope of the indictment. First, Bobby Joe Boyd, the main prosecution witness, testified that on an occasion not referred to in the indictment, Yeo accompanied Boyd to provide protection for McMahan while he met an individual who was paying Jim Crouch's debt. Second, the government played a recording of a telephoned threat, which they alleged was made by Yeo to an Ed Guffey.

The prejudice arising from the references to these unrelated incidents was compounded by the following jury instruction:

> The government is required to prove three essential elements in order that the defendant may be found guilty of the offense charged in Count One of the Indictment:

> FIRST: That on or about May 5, 1982, the defendant knowingly participated in the use of extortionate means to collect or attempt to collect from Jim Crouch *or another* an extension of credit or to punish the debtor *or another* for the nonpayment thereof * *.

(Emphasis added.) Yeo contends that this instruction permitted the jury to convict him for acts not charged in the indictment.

It is well established that a defendant cannot be tried on charges that are not made in the indictment. *See Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); *United States v. West*, 549 F.2d 545, 552 (8th Cir.), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1601, 51 L.Ed.2d 806 (1977). A constructive amendment of an indictment is prejudicial *per se*. *United States v. Beeler*, 587 F.2d 340, 342 (6th Cir.1978); *United States v. Crocker*, 568 F.2d 1049, 1059 (3d Cir.1977). If, however, there is no amendment of the indictment but only a variance between the facts alleged in the indictment and the evidence offered at trial, the issue is one of fairness, and actual prejudice must be considered. *United·States v. Crocker, supra*, 568 F.2d at 1059. In this case, we believe that the effect of the evidence of additional extortionate acts, in conjunction with the instruction stating that Yeo could be convicted for using extortionate means to collect a debt from Jim Crouch *or another*, amounted to a constructive amendment of the indictment. As the Ninth Circuit recently observed in a similar case, "[a]s instructed, the jury could have convicted defendants for a crime for which they would not have been indicted by a grand jury of their peers." *United States v. Mastelotto*, 717 F.2d 1238, 1251 (9th Cir.1983). Quite simply, in this case we cannot be certain that the jury convicted Yeo for the same charge on which he was indicted by the grand jury.

Yeo also contends that the district court erred in allowing him to be impeached with evidence of a prior conviction for theft. Because Yeo may be retried, we feel obliged briefly to discuss this contention. Fed.R.Evid. 609(a) governs the admission of prior convictions for impeachment purposes:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

The conference committee report on Rule 609 explains that the meaning of "dishonesty or false statement" was intended to be limited to:

> crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing upon the accused's propensity to testify truthfully.

H.R.Rep. No. 93–1597, 93d Cong., 2d Sess., *reprinted in* 1974 *U.S.Code Cong. & Ad. News*, 7098, 7103. This court, in dicta, has suggested that theft is not a crime involving "dishonesty or false statement" within the meaning of Rule 609(a)(2). *See United States v. Elk*, 682 F.2d 168, 170 n. 3 (8th Cir.1982). That position appears to be in accord with the majority of circuits that have considered the issue. *See United States v. Fearwell*, 595 F.2d 771, 776 (D.C. Cir.1978); *United States v. Ortega*, 561 F.2d 803, 805–06 (9th Cir.1977); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir.), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977); *Government of Virgin Islands v. Testamark*, 528 F.2d 742, 743 (3d Cir.1976). *But see United States v. Brown*, 603 F.2d 1022, 1029 (1st Cir.1979); *United States v. Carden*, 529 F.2d 443, 446 (5th Cir.), *cert. denied*, 429 U.S. 848, 97 S.Ct. 134, 50 L.Ed.2d 121 (1976). Theft, which involves stealth and demonstrates a lack of respect for the persons or property of others, is not "characterized by an element of deceit or deliberate interference with a court's ascertainment of truth." *United States v. Smith*, 551 F.2d 348, 363 (D.C.Cir.1976).

In a trial that was filled with allegations of threats, beatings, car burnings, and the like, evidence of a minor theft conviction that had occurred some time in the past no doubt appeared relatively innocuous. We observe that if this were the only point raised on appeal it would not warrant a reversal. Nonetheless, we believe that the better view is that theft is not a crime of "dishonesty or false statement" as that term is used in Rule 609(a)(2).

Several courts have observed that although theft is not, of necessity, a crime of dishonesty or false statement, it may nevertheless be admissible under Rule 609(a)(2) if in fact the crime was committed by fraudulent or deceitful means. *See, e.g., United States v. Glenn,* 667 F.2d 1269, 1273 (9th Cir.1982); *United States v. Smith, supra,* 551 F.2d at 361–65. The government has the burden of producing facts demonstrating that the particular conviction involved fraud or deceit. *See United States v. Glenn, supra,* 667 F.2d at 1273. There is no indication that Yeo's prior theft conviction involved fraud or deceit.

■ Yeo has also argued that the district court erred in allowing the government, in rebuttal, to call a lie detector expert. We conclude that under the circumstances here, this evidence was responsive to Yeo's testimony, and the district court did not err in admitting this evidence in rebuttal. Yeo also argues that the district court erred in allowing Boyd to testify to out-of-court statements allegedly made by a codefendant. We believe that the statements fell within the coconspirator exception to the hearsay rule, and thus, the district court did not err in admitting this evidence. Finally, Yeo argues that his rights under the Sixth Amendment and under the Due Process Clause were violated because the government failed to disclose relevant and material evidence. It is unlikely that this issue will arise upon retrial and thus we decline to consider it here.

Accordingly, we reverse the judgment of the district court.