**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3391
_____

KENNETH L. VONEIDA,
                                        Appellant

v.

KEVIN STOEHR; PRESIDENT GRAHAM SPANIER, Penn State University;
GREGORY TAYLOR; JOSEPH ALLEGRINI; UNKNOWN NUMBER OF LOWER
PAXTON POLICE OFFICERS; LOWER PAXTON TOWNSHIP;
UNKNOWN NUMBER OF PENNSYLVANIA STATE POLICE OFFICERS;
COMMISSIONER FRANK E. PAWLOWSKI, Pennsylvania State Police Colonel;
MICHAEL CONSIGLIO, Chief Deputy District Attorney; ED MARSICO, Dauphin
County District Attorneys Office; PENNSYLVANIA ATTORNEY GENERAL;
GOVERNOR OF PENNSYLVANIA, Commonwealth of Pennsylvania;
CHRISTOPHER NAWROCKI; DONNA KANASKIE; JUSTIN JANIK; MELINDA
ANDERSON; UNKNOWN NUMBER OF FEDERAL AGENTS; MICHAEL
CONSIGLIO, Assistant United States Attorney; JOSEPH TERZ, Assistant United States
Attorney; THEODORE B. SMITH, III, Assistant United States Attorney; ATTORNEY
GENERAL UNITED STATES OF AMERICA, United States Department of Justice
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:10-cv-02572)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2013

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: January 31, 2013)

_____

OPINION

_____

PER CURIAM

In December 2010, Kenneth L. Voneida filed suit against the defendants for alleged violations of the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments, citing, inter alia, 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). His claims arose from incidents antecedent to a search and seizure of his residence in July 2007, the search and seizure itself, and things that occurred in the state and federal prosecutions of his son that followed (which led to his son's state judgment of conviction in January 2008, and his son's federal judgment of conviction in September 2008[1]).

The defendants, in groups, filed motions to dismiss Voneida's complaint arguing, among other bases for dismissal, that the suit was barred by the statute of limitations. The District Court granted the motions.[2] Voneida filed a motion for reconsideration, which the District Court denied. Voneida appeals.[3]

---

[1] Although this final date is not explicitly listed in the complaint like the other dates, we may take judicial notice of date of the judgment in the federal court record in <u>United States v. Voneida</u>, M.D. Pa. No. 1:07-cr-00312. <u>See</u> <u>Gov't of the V.I. v. Testamark</u>, 528 F.2d 742, 743 (3d Cir. 1976).

[2] The District Court also dismissed some defendants from the action on the basis of Voneida's failure to effect service on them. Voneida does not challenge that decision on appeal, so the issue is waived. <u>See</u> <u>FDIC v. Deglau</u>, 207 F.3d 153, 169-70 (3d Cir. 2000).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion to dismiss. McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). Generally, our review of an order denying a motion for reconsideration is for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

Upon review, we hold that the District Court properly dismissed Voneida's complaint as time-barred. It is clear from the face of the complaint that Voneida's allegations are barred by the applicable statute of limitations. His claims made pursuant to 42 U.S.C § 1983 and Bivens, as well as any state law tort claims he may include, are governed by 42 Pa. Cons. Stat. § 5524(2), Pennsylvania's two-year statute of limitations for tort actions. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1087-88 & n.3 (3d Cir. 1988). They accrued when he knew or should have known of the injuries on which his claims are based. See Sameric Corp. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Considering his allegations, we conclude that Voneida knew of any injuries at the times described in his complaint. More specifically, he knew of most of his claims at or

---

[3] Two of the defendants move for summary action; three other defendants have filed a motion to supplement the appendix.

3

by the time of the search and seizure in July 2007. A small subset of his claims, in particular, those claims that relate to statements made in the federal grand jury proceedings in his son's prosecution or statements otherwise made in the course of court proceedings relating to his son's prosecutions, arose after July 2007, but before the federal judgment was entered in September 2008.[4] Voneida argued in the District Court (and continues to argue here) that he was not aware of his claims until the Supreme Court issued its ruling in McDonald v. City of Chi., 130 S. Ct. 3020 (2010), but we reject that argument. The claims he presented were available to him at the time of the incidents described in his complaint.[5]

---

[4] Although Voneida did not list the date of his son's federal judgment of conviction, as we stated above, the date was a proper subject for judicial notice. We note, however, that an alternative basis, prosecutorial immunity, supports the dismissal of the claims based on statements made by prosecutors in the grand jury (or other court) proceedings. See Burns v. Reed, 500 U.S. 478, 490-92 (1991) (discussing the scope of prosecutorial immunity); see also Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).

[5] On appeal, Voneida also presents an argument that he suffers a "continuing wrong" because he has not been awarded relief from the alleged violations of his rights. First, other than a brief mention of the doctrine in a response to one of the motions to dismiss and a similar brief mention of it in his motion for reconsideration, it does not appear that he presented this argument to the District Court. As we have explained, absent compelling circumstances, which are not present here, we will not consider issues raised for the first time on appeal. See Shell Petroleum, Inc. v. United States, 182 F.3d 212, 219 (3d Cir. 1999). To the extent that the issue was before the District Court, we consider it and note that although Voneida uses the term "continuing wrong," he does not present a case that fits within the doctrine. See Island Insteel Sys. v. Waters, 296 F.3d 200, 214 n.8 (3d Cir. 2002) (describing the doctrine).

For these reasons, the District Court properly granted the defendants' motions to dismiss.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).  The District Court also properly denied Voneida's motion for reconsideration because Voneida presented no basis for reconsideration.  Accordingly, we will affirm the District Court's judgment.[6]

---

[6] In light of our review of all the claims together and our disposition of this case after briefing, we will deny the motion for summary action.  The motion to supplement the appendix is granted.