**GLD-338**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1866
_____

HOWARD JAMES MOSBY, JR.,
                    Appellant

v.

MATHEW O'BRIE;
TODD L. MODENA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-12-cv-00543)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: July 29, 2013)
_____

OPINION
_____

PER CURIAM

1

Howard Mosby, Jr., pro se and proceeding in forma pauperis, appeals from the District Court's dismissal of his complaint. For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

Mosby filed a complaint under 42 U.S.C. § 1983 against two arresting officers alleging a violation of his Fourth Amendment rights.[1] The defendants filed a motion to dismiss, and Mosby amended his complaint. The defendants renewed their motion to dismiss for failure to state a claim, and Mosby never responded. Before the deadline to file a response passed, Mosby filed a motion for extension of time, which the Magistrate Judge granted. Mosby did not file a response, and eventually the Magistrate Judge entered an order that granted the defendants' motion to dismiss.[2]

We have jurisdiction under 28 U.S.C. § 1291. As all parties consented to the Magistrate Judge's jurisdiction, Mosby correctly filed his appeal in this Court. See 28 U.S.C. § 636(c)(3). We exercise plenary review over the Magistrate Judge's dismissal for failure to state a claim. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard requires a two-part analysis, first

---

[1] We construe Mosby's complaint as alleging false arrest, false imprisonment, and malicious prosecution.
[2] The February 20, 2013 order granted the motion to dismiss, but the analysis in the opinion is about dismissal for failure to prosecute under Poulis v. State Farm Fire &

separating the complaint's factual allegations from its legal conclusions, and second, taking only the factual allegations as true, deciding whether the plaintiff has alleged a plausible claim for relief.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  We may affirm on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Here, the circumstances underlying Mosby's complaint related to a (then pending) criminal case.  We may take judicial notice of the resolution of that case.  See Gov't of the V.I. v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976).  Mosby ultimately pled guilty to charges stemming from the arrest at issue here.  Commonwealth v. Mosby, CP-02-CR-0002413-2012 (Allegheny County Com. Pl.), available at http:// ujsportal.pacourts.us/.  Consequently, he is barred from maintaining an action for a Fourth Amendment violation in securing that arrest, as this suit is an attempt to win in a civil case what he has lost in a criminal one.  See Gilles v. Davis, 427 F.3d 197, 208-09 (3d Cir. 2005) (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

To maintain a malicious prosecution claim, a plaintiff must show that the criminal proceeding ultimately terminated in his favor, which means either a victory at trial, a reversal on appeal, expungment, or a successful collateral challenge.  See Heck, 512 U.S. at 486-87.  Mosby has failed to do so.  A false arrest or false imprisonment claim may be maintained without showing a favorable determination, but only if it does not

Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  Because we affirm on the grounds of

"necessarily implicate the validity of a conviction or sentence." Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998); see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 448 (3d Cir. 2005) ("Fourth Amendment claims can be brought under § 1983, even without favorable termination, if the district court determines that success on the § 1983 claim would not necessarily imply the invalidity of the conviction."). From Mosby's complaint, we can only conclude that absent probable cause,[3] the entirety of the evidence against him in the state court criminal case would have been suppressed. See, e.g., United States v. Myers, 308 F.3d 251, 275-76 (3d Cir. 2002) (reversing denial of suppression motion where there was no probable cause to arrest). Because success in his § 1983 action would necessarily implicate the validity of his conviction, Heck bars his suit, absent favorable determination.[4]

Finding no substantial question presented by this appeal, we will summarily affirm the judgment of the District Court.

---

failure to state a claim, we do not reach the alternative basis for the decision.

[3] An absence of probable cause is necessary to establish a § 1983 claim for false arrest. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).

[4] We note that the same docket we take judicial notice of to acknowledge Mosby's guilty plea also reflects a PCRA filing. We take no position on the merits of Mosby's case if he ultimately secures a favorable determination and attempts to refile.