**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Nello BRACKEEN, Defendant–Appellant.**

**No. 91–50036.**

United States Court of Appeals, Ninth Circuit.

Submitted En Banc June 8, 1992 *.

Decided July 15, 1992.

See also 962 F.2d 1391.

---

* The en banc court unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Gerald C. Salseda, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

David R. Garcia, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: WALLACE, Chief Judge, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, REINHARDT, BRUNETTI, NELSON, and KLEINFELD, Circuit Judges.

PER CURIAM:

This court has convened en banc to determine whether bank robbery necessarily involves "dishonesty," as that term is used in Federal Rule of Evidence 609(a)(2). The question arises in the context of whether a witness can be impeached by evidence of prior convictions. Faced with intra-circuit precedents which provide irreconcilably conflicting answers to the question, the original panel called *sua sponte* for en banc review. *See Atonio v. Wards Cove Packing Co.,* 810 F.2d 1477, 1479 (9th Cir. 1987) (en banc), *rev'd on other grounds,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). We now conclude that for purposes of Rule 609(a)(2) bank robbery is not per se a crime of "dishonesty."

## FACTS AND PROCEEDINGS BELOW

Robert Nello Brackeen robbed three different banks, one bank a day on each of three separate days in July 1990. In the first robbery, Brackeen and an accomplice, Jermaine Moore, presented a threatening note to a teller. Bank surveillance photos showed Moore with a pistol, which he pointed at the teller. During the robbery, Brackeen and Moore acted in close proximity to each other. In the other two robber-ies, Brackeen was unarmed and apparently acted alone.

Brackeen was charged in a single indictment with one count of aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), 2113(d) (1988), and two counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). On September 24, 1990, Brackeen pleaded guilty to both unarmed bank robberies. On October 2, 1990, Brackeen went to trial on count one of the indictment, aiding and abetting Moore in the armed bank robbery. He claimed he did not know Moore had a gun.

On the second day of the two-day trial, Brackeen indicated he would testify, and objected before taking the stand to the use for impeachment of his guilty pleas to the two unarmed bank robberies. The court reserved its ruling on the objection until after Brackeen testified. Brackeen was the sole defense witness. On cross-examination, the court allowed impeachment with the guilty pleas.

The trial court's basis for admitting the prior guilty pleas as impeachment evidence was Federal Rule of Evidence 609(a)(2), which allows impeachment of a defendant by any crime involving "dishonesty or false statement." The court expressly refused to admit the pleas under Rule 609(a)(1), which allows impeachment using any felony "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused...." The court stated: "No. I don't think under Rule 609(a)(1) that I would let it in.... I don't think I could make that analysis under Rule 609(a)(1) so I'm going to base my ruling on Rule 609(a)(2) that this is a crime involving dishonesty and the government has an absolute right to use it to impeach him." The court made this ruling after reading aloud relevant portions of *United States v. Kinslow,* 860 F.2d 963, 968 (9th Cir.1988), *cert. denied,* 493 U.S. 829, 110 S.Ct. 96, 107 L.Ed.2d 60 (1989).

Brackeen appeals, claiming the impeachment was improper because (1) at the time of his trial, judgment had not yet been

entered on his guilty pleas,[1] and (2) the guilty pleas were to bank robbery, a crime that does not involve "dishonesty or false statement" as required by Rule 609(a)(2). The original panel called for en banc proceedings to decide the second issue, and the full court granted en banc review.

### ANALYSIS

Rule 609 provides in part:

Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General rule. For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved *dishonesty or false statement*, regardless of the punishment.

Fed.R.Evid. 609 (emphasis added).

Brackeen's bank robberies did not involve any "false statement[s]," *id.*, and were not "actually committed by fraudulent or deceitful means." *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir.1982). Accordingly, the only issue in this case is whether bank robbery is per se a crime of "dishonesty" under Rule 609, regardless of the means by which it is perpetrated. Our circuit has not spoken with one voice on this question. *Compare, e.g., Kinslow*, 860 F.2d at 968 (holding armed robbery is per se a crime of "dishonesty" under Fed. R.Evid. 609(a)(2)), *with, e.g., Glenn*, 667 F.2d at 1272–73 (holding bank robbery is not per se a crime of "dishonesty" under Fed.R.Evid. 609(a)(2)). We now disapprove and reject *Kinslow* on this issue, and adopt the holding in *Glenn*: bank robbery is not per se a crime of "dishonesty" under Federal Rule of Evidence 609(a)(2).

Our first step in interpreting any statute or rule is to consider the plain meaning of the provision in question. *See S & M Investment Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 326 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991). Often, this will be the end of the analysis, because the words of the provision allow but one interpretation and preclude others. *See, e.g., United States v. Menatos*, 925 F.2d 333, 335 (9th Cir.1991).

Unfortunately, "dishonesty" has more than one meaning. In the dictionary, and in everyday use, "dishonesty" has two meanings, one of which includes, and one of which excludes, crimes such as bank robbery. In·its broader meaning, "dishonesty" is defined as a breach of trust, a "lack of ... probity or integrity in principle," "lack of fairness," or a "disposition to ... betray." *Webster's Third New International Dictionary* 650 (1986 unabridged ed.). This dictionary states, under the heading "synonyms," that "dishonest may apply to any breach of honesty or trust, as lying, deceiving, cheating, stealing, or defrauding." *Id.* Bank robbery fits within this definition of "dishonesty" because it is a betrayal of principles of fairness and probity, a breach of community trust, like stealing.

In its narrower meaning, however, "dishonesty" is defined as deceitful behavior, a "disposition to defraud ... [or] deceive," *id.*, or a "[d]isposition to lie, cheat, or defraud," *Black's Law Dictionary* 421 (5th ed. 1979). Bank robbery does not fit within this definition of "dishonesty" because it is a crime of violent, not deceitful, taking. Everyday usage mirrors the dictionary: we use "dishonesty" narrowly to refer to a liar, and broadly to refer to a thief.

Fortunately, we are not operating in a vacuum: while nothing in the *text* of Rule

---

1. Brackeen did not raise this issue in the district court. Accordingly, we deem the issue waived, and do not consider it in this opinion. *See*

*Winebrenner v. United States*, 924 F.2d 851, 856 n. 7 (9th Cir.1991).

609 indicates precisely what Congress meant when it used the term "dishonesty," we find guidance in the legislative history of the rule. As the Supreme Court has stated in another context, "[w]e begin by considering the extent to which the text of Rule 609 answers the question before us. Concluding that the text is ambiguous ... we then seek guidance from legislative history...." *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 508–09, 109 S.Ct. 1981, 1984, 104 L.Ed.2d 557 (1989). We look to the Advisory Committee's Note to the Rule, and to the relevant House and Senate Conference Committee Reports, which are legitimate sources of legislative history. *See id.* at 511–24, 109 S.Ct. at 1985–92; *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988) (note is "'of weight'" in judicial construction of a rule (citation omitted)); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1341 (9th Cir.1990).

The legislative history of Rule 609 makes clear that Congress used the term "dishonesty" in the narrower sense, to mean only those crimes which involve deceit. The House Conference Committee Report on Rule 609 states:

By the phrase "dishonesty and false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense *in the nature of crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Fed.R.Evid. 609 Advisory Committee's Note (Notes of Conference Committee, House Report No. 93–1597) (emphasis added). The Senate Judiciary Committee Report contains substantially the same language. *Id.* (Notes of Committee of the Judiciary, Senate Report No. 93–1277) ("crimen falsi ... untruthfulness, deceit, or falsification").

Bank robbery is not "in the nature of crimen falsi." Black's Law Dictionary defines "crimen falsi" as follows: "Term generally refers to crimes in the nature of perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense which involves some element of deceitfulness, untruthfulness, or falsification bearing on witness' propensity to testify truthfully." Black's Law Dictionary 335 (5th ed. 1979).

Other circuits have reached similar conclusions. The Tenth Circuit has stated:

Of course, robbery, burglary and theft are ordinarily considered to be dishonest, but the term *as used in Rule 609(a)(2)* is more restricted. We think the legislative history of this provision shows that Congress intended to limit the term to prior convictions involving some element of deceit, untruthfulness, or falsification which would tend to show that an accused would be likely to testify untruthfully.

*United States v. Seamster*, 568 F.2d 188, 190 (10th Cir.1978) (emphasis added). *See United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir.1991) ("It is established in this Circuit ... that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)" (quotation omitted)); *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir.1990) ("shoplifting does not fall into th[e] category" described by Rule 609(a)(2)); *Altobello v. Borden Confectionary Products, Inc.*, 872 F.2d 215, 216–17 (7th Cir.1989) ("agree[ing] with those dicta" from cases such as *Glenn*); *United States v. Yeo*, 739 F.2d 385, 388 (8th Cir. 1984) ("we believe that the better view is that theft is not a crime of 'dishonesty or false statement' as that term is used in Rule 609(a)(2)"); *United States v. Lipscomb*, 702 F.2d 1049, 1057 nn. 32–33 (D.C.Cir.1983) (prior conviction for larceny not admissible under Rule 609(a)(2)); *Shows v. M/V Red Eagle*, 695 F.2d 114, 119 (5th Cir.1983) ("admissibility of a prior bank robbery conviction for impeachment purposes requires the balancing exercise of Rule 609(a)(1)"); *United States v. Grandmont*, 680 F.2d 867, 871 & n. 3 (1st Cir. 1982) ("the robberies were not admissible under 609(a)(2)"); *United States v. Cunningham*, 638 F.2d 696, 698–99 (4th Cir. 1981) (noting "Rule 609(a)(2) ... is confined to a narrow class of crimes," and holding a state conviction for writing "worthless

checks" is not admissible under Rule 609(a)(2)); *United States v. Hawley*, 554 F.2d 50, 53 n. 7 (2d Cir.1977) (dicta) (noting an "exhaustive opinion" by the D.C. Circuit concluding robbery was not a crime of " 'dishonesty or false statement' within the meaning of 609(a)(2)," but not reaching the issue); *but see United States v. Del Toro Soto*, 676 F.2d 13, 18 (1st Cir.1982) ("The grand larceny conviction could certainly have been introduced under Federal Rule of Evidence 609(a)(2) on the general question of the defendant's credibility").

## CONCLUSION

Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by definition entail some element of misrepresentation or deceit, and not to " 'those crimes which, bad though they are, do not carry with them a tinge of falsification.' " *Glenn*, 667 F.2d at 1273 (quoting *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir.1977)). We must follow Congress' intent. *See Green*, 490 U.S. at 508, 109 S.Ct. at 1984 ("Our task in deciding this case ... is not to fashion the rule we deem desirable but to identify the rule that Congress fashioned"). Brackeen's conviction is REVERSED, and the case is REMANDED for a new trial.