983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael CUELLAR-GALLARDO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo PARDO-MARTINEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel LOERA-TELLEZ, Defendant-Appellant.
 Nos. 91-30423 to 91-30425.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1993.
Decided Jan. 15, 1993.
 
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants in this case appeal their convictions for conspiracy and possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) (1984). They contend that the district court improperly excluded impeachment evidence in violation of the Sixth Amendment Confrontation Clause. In addition, Loera-Tellez claims there was insufficient evidence to convict him of conspiracy and possession with intent to distribute cocaine.
 
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231 (1979). We have jurisdiction over this timely appeal under 18 U.S.C. § 3742 (1990) and 28 U.S.C. § 1291 (1986). We now affirm.
 
 BACKGROUND
 
 4
 Alvaro Plancarte-Alvarez (Plancarte), a Government informant, negotiated the purchase of cocaine and heroin from Rafael Cuellar-Gallardo (Cuellar) for the purchase of cocaine and heroin from Cuellar. The negotiations led to Plancarte making two sample cocaine and heroin purchases from codefendant Alfredo Pardo-Martinez (Pardo) which culminated in a drug sale to occur May 1, 1991. Plancarte arranged to purchase four kilograms of cocaine and 125 grams of heroin from Cuellar for $108,500.
 
 
 5
 On the day of the sale, three of the four codefendants were arrested: Manuel Loera-Tellez (Loera), Pardo, and Adrian Mendoza-Gonzalez (Gonzalez).[1] Codefendant Cuellar was arrested subsequently at his home. A federal grand jury returned a three-count indictment on May 30, 1991, against Gonzalez, who has not appealed, Loera and Pardo, charging them with conspiracy to possess controlled substances with intent to distribute (count one); possession with intent to distribute heroin (count two); and possession with intent to distribute more than 500 grams of cocaine (count three). The indictment charged Cuellar with conspiracy in count one. All three counts alleged violations of 21 U.S.C. § 841(a)(1) (1984).
 
 
 6
 The four defendants were tried jointly. During the trial, the Government made an oral motion in limine to exclude Plancarte's prior testimony at three other trials in which he was allegedly untruthful about his two misdemeanor assault convictions. The judge granted the motion and ruled that the evidence would not be admissible. The jury found Pardo guilty on all three counts and Cuellar guilty on count one for conspiracy. The jury convicted Loera of counts one and three for conspiracy and possession with intent to distribute cocaine; however, they did not find him guilty on count two for possession with intent to distribute heroin.
 
 DISCUSSION
 A. Cross-Examination
 
 7
 Loera, Cuellar and Pardo claim the district court erred in excluding the impeachment evidence, thereby violating their right to confrontation. We reject this argument.
 
 
 8
 A trial court has "considerable discretion to limit cross-examination." Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc) (internal quotations omitted). We review for abuse of discretion the district court's decision concerning the scope of cross-examination. United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). "The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness." United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991) (internal quotations omitted). This court reviews de novo the issue of whether a limitation on cross-examination is so severe as to constitute a violation of the Confrontation Clause. United States v. Vargas, 933 F.2d 701, 704 (9th Cir.1991).
 
 
 9
 The defendants contend Plancarte's prior testimony concerning his two misdemeanor assault convictions was admissible either under Fed.R.Evid. 609 or 608(b).
 
 1. Fed.R.Evid. 609
 
 10
 The district court did not err in refusing to admit the evidence under Fed.R.Evid. 609. Rule 609(a) provides:
 
 
 11
 For the purpose of attacking the credibility of a witness,
 
 
 12
 (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted ...; and
 
 
 13
 (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
 
 
 14
 Neither subsection (a)(1) nor subsection (a)(2) apply in this case. Rule 609(a)(1) only permits admission of evidence of a prior conviction if it was a felony conviction. Here, the prior convictions were for misdemeanor assault. Rule 609(a)(2) applies only if the prior conviction involved dishonesty or false statement. In the present case, Plancarte's prior assault convictions do not involve dishonesty or false statement. See United States v. Brackeen, 969 F.2d 827, 828 (9th Cir.1992) (en banc) (holding bank robbery is not per se a crime of "dishonesty" for purposes of Rule 609(a)(2)). Assault does not fall within Rule 609(a)(2) because it is a crime of violence rather than a crime of deceit or dishonesty. See id. at 829.
 
 
 15
 Furthermore, the evidence defendants sought to admit was not evidence of the convictions themselves, as is contemplated by Rule 609; rather, they sought admission of Plancarte's testimony regarding those convictions which encompasses more than mere evidence of the prior misdemeanor convictions. Therefore, the district court correctly excluded the evidence under Rule 609.
 
 2. Fed.R.Evid. 608(b)
 
 16
 Next, the defendants argue even if the judge properly excluded evidence of Plancarte's prior testimony under Rule 609, he should have permitted its admission under Rule 608(b). Rule 608(b) provides that specific instances of a witness's conduct other than a prior conviction as described in Rule 609 may not be proved by extrinsic evidence. Fed.R.Evid. 608(b). Such conduct "may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness...." Fed.R.Evid. 608(b).
 
 
 17
 We hold the district court did not abuse its discretion in restricting Plancarte's cross-examination.[2] First, it is not at all clear the previous testimony was untruthful as required under Rule 608(b). A careful reading of the proffered evidence indicates Plancarte was being truthful as he understood the questions. Any alleged dishonesty resulted from his misunderstanding of the English language and American laws and culture in comparison to the Spanish language, and Mexican laws and culture. He answered truthfully when he understood the questions being asked and clarified his answers when he subsequently realized he had misunderstood the question.
 
 
 18
 Second, the defendants had the opportunity to conduct an effective cross-examination of Plancarte and expose his biases and motivations. The Supreme Court has stated "the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.... [T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986) (internal quotations omitted) (emphasis in original). The Court then stated:
 
 
 19
 It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues.... [T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.
 
 
 20
 Id. at 679 (internal quotations omitted) (emphasis in original).
 
 
 21
 In this case, the defendants had ample opportunity to cross-examine Plancarte. Counsel for codefendants cross-examined Plancarte, revealing the following biases and motivations: (1) the length of time he had been a Government informant; (2) his prior experience as a witness; (3) the frequency with which he testifies; (4) the amount of money he received for his testimony in this case and in other cases; (5) his "professional witness" status; (6) his refusal to speak with defense counsel prior to trial; (7) his reliance upon rewards as income; (8) the fact that he had not written a report on this case; (9) the fact that he may have been "coached" as to the way he should testify; (10) the fact that he was given pictures prior to testifying in order to help him identify the defendants; (11) his citizenship status; (12) his failure to report income from being a Government informant on his tax returns; and (13) the fact that he cannot speak English very well and often uses interpreters when communicating with the police. Thus, we conclude there was sufficient opportunity for the jury to appraise Plancarte's bias and motivations. Guthrie, 931 F.2d at 568-69.
 
 
 22
 Because it is not clear Plancarte was being untruthful about his previous convictions, the district court judge did not abuse his discretion in concluding that the prior testimony would confuse the jury. As the Supreme Court has stated, a trial judge may limit cross-examination when he is concerned about "confusion of the issues." Van Arsdall, 475 U.S. at 679. Moreover, the defendants conducted an effective cross-examination. Therefore, the district court did not violate the defendants' right to confrontation by excluding the proffered testimony and restricting their cross-examination of Plancarte.
 
 B. Sufficiency of the Evidence
 
 23
 Loera claims there was insufficient evidence to convict him of conspiracy and possession with intent to distribute cocaine. We disagree.
 
 
 24
 "The evidence is sufficient to support a conviction if any rational juror, viewing the evidence in a light most favorable to the government, could have found the essential elements of the crime beyond a reasonable doubt." United States v. Torres-Rodriguez, 930 F.2d 1375, 1386 (9th Cir.1991). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 1. Conspiracy
 
 25
 It is enough to convict a defendant of knowingly participating in a conspiracy if evidence of even a slight connection is proven beyond a reasonable doubt. Id. Such a slight connection may be inferred from circumstantial evidence; however, "[m]ere proximity to the scene of a crime is not sufficient to establish a connection to the conspiracy, but acts that otherwise appear innocent, when viewed in context, may support an inference of guilt." Id.
 
 
 26
 After reviewing the record in this case, we find there was sufficient evidence for the jury to conclude that Loera was participating in the conspiracy. The following facts support the jury's verdict: (1) Loera drove the Mustang containing the drugs to the scene of the transaction and was identified by two police officers; (2) he opened up the bag and pointed out the cocaine to Plancarte who had entered the Mustang to view the drugs; (3) after asking to see the money, Loera went to Plancarte's car where he was shown the money and at that time was identified by another police officer; (4) he ran from the scene and hid under a car; and finally, (5) Loera discussed the details of the drug transaction as it was occurring.
 
 2. Possession with Intent to Distribute
 
 27
 "Possession of a controlled substance under section 841(a)(1) may be constructive, as well as actual." United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986) (internal quotations omitted). Constructive possession may be established by direct or circumstantial evidence and includes evidence that the defendant had the power to dispose of the drug; the ability to produce the drug; exclusive control or dominion over the property where the drug was found; or where the defendant participates in a "joint venture" to possess a controlled substance. Id.
 
 
 28
 There is sufficient evidence to establish possession in this case. Loera had the ability to produce and dispose of the cocaine because he was the one who pointed it out to Plancarte, and he had dominion and control over the Mustang containing the cocaine.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alejandro Silanas-Aguillar and Fernandez Martinez-Rivera were also arrested at the scene, but the Government later dismissed the charges. Adrian Mendoza-Gonzalez has not appealed
 
 
 [2]
 It should be noted that the defendants could not introduce the exhibits of Plancarte's prior testimony into evidence because admission of extrinsic evidence is prohibited under Rule 608(b); thus, they were limited to inquiring about the prior testimony on cross-examination