993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gaylon THIEFAULT, Defendant-Appellant.
 No. 92-30156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1993.
Decided May 7, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gaylon Thiefault was charged with raping Gail Julius and Andrea Smith in violation of 18 U.S.C. §§ 1153(a) and 2241(a) (1988). A jury convicted him of the Smith rape but acquitted him on the Julius count. He argues that the district court erred by (1) admitting evidence of a prior conviction, (2) denying his motion to sever, (3) excluding reputation testimony and (4) admitting evidence of Smith's daughter's changed behavior.
 
 
 3
 We find that admission of evidence of his prior conviction for attempted robbery was not harmless error, and we reverse. Because we find reversible error, we need not consider his severance argument. For judicial economy, and to guide the district court and counsel in the event of a retrial, we address the other two issues.
 
 
 4
 1. Admission of Attempted Robbery Conviction
 
 
 5
 Since this trial and after notice of appeal, we have held that bank robbery is not per se a crime of dishonesty and, in most instances, may not be used for impeachment purposes under Fed.R.Evid. 609(a)(2). United States v. Brackeen, 969 F.2d 827, 829 (9th Cir.1992) (en banc) (overruling United States v. Kinslow, 860 F.2d 963, 968 (9th Cir.1988), cert. denied, 493 U.S. 829 (1989)). In light of Brackeen, the government argues that evidence of Thiefault's 1984 attempted robbery conviction was admissible under 609(a)(1). That rule requires the district court to determine that the probative value of the conviction outweighs its prejudicial effect.
 
 
 6
 Apparently, the district court felt compelled to admit the evidence based on Kinslow. It did not balance the probative value and the prejudicial effect. It did, however, exclude Thiefault's 1985 burglary conviction, obviously finding that the probative value was insufficient. This suggests that absent Kinslow, the court also would have excluded the attempted robbery conviction.
 
 
 7
 Having concluded that admission of the conviction was error, we must determine whether it was harmless. There is a conflict in this circuit over the correct standard of review. United States v. Hitt, 981 F.2d 422, 425 (9th Cir.1992) ("fair assurance" (higher standard) versus "more probable than not" (lower standard)).
 
 
 8
 Under either standard, the admission of the eight-year-old conviction was not harmless. To lessen its impact, Thiefault admitted it on direct. During closing arguments, the government maintained that the conviction showed Thiefault could not be believed. Evidence of guilt was not overwhelming. Much of the testimony was contradictory. Thiefault offered plausible explanations for many of his actions. In addition, a pathologist testified that Smith's injuries were not necessarily indicative of rape. A defense witness testified that the scratch wounds on Thiefault's neck resulted from a fight he tried to break up early in the day of the Smith incident.
 
 
 9
 The evidence of the old conviction may well have persuaded the jury to convict. We cannot say that it is more probable than not that the jury would have convicted Thiefault without evidence of the prior conviction. It follows that we also cannot say with fair assurance that he would have been convicted absent the evidence. We must reverse and remand.
 
 
 10
 2. Exclusion of Testimony About Smith's Reputation for Truthfulness
 
 
 11
 Thiefault sought to impeach Smith's credibility by offering the testimony of Verna Long regarding Smith's reputation for truthfulness. The district court excluded the evidence, ruling that Thiefault had not laid a proper foundation.
 
 
 12
 Fed.R.Evid. 608(a) allows a party to attack a witness's credibility by introducing evidence of her reputation for untruthfulness. To establish an appropriate foundation, the witness must show "such acquaintance with the [person under attack], the community in which [she] has lived and the circles in which [she] has moved, as to speak with authority of the terms in which generally [she] is regarded." Michaelson v. United States, 335 U.S. 469, 478 (1948). We review evidentiary rulings for an abuse of discretion. McGonigle v. Combs, 968 F.2d 810, 825 (9th Cir.1992). Rarely will an appellate court overturn a trial court's ruling that the foundation of a reputation witness is inadequate. See Michaelson, 355 U.S. at 480.
 
 
 13
 The district court did not abuse its discretion in ruling that Thiefault did not lay an adequate foundation. Long testified that she had talked to only three persons about Smith's reputation for truthfulness. In addition, for the six months before trial Long lived in Burlington, about 30 miles south of the Lummi Reservation. She did not have a sufficient opportunity to learn Smith's community reputation for truthfulness. Cf. United States v. Nace, 561 F.2d 763, 771 (9th Cir.1977) (witnesses who lived in same community as defendant for eight and 25 years respectively could determine defendant's community reputation for truthfulness).
 
 3. Testimony About Daughter's Behavior
 
 14
 Raphaella Johnnie testified, that after witnessing the incident, Smith's 18-month-old daughter, Clarissa, became afraid of strangers. Thiefault contends this was collateral and prejudicial. The government argues that evidence of Clarissa's changed behavior is relevant to the issue of consent.
 
 
 15
 Evidence is relevant if it has any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence. Fed.R.Evid. 401. Relevant evidence, however, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Unfair prejudice results when the evidence " 'makes conviction more likely because it provokes an emotional response in the jury ... wholly apart from its judgment as to [the defendant's] guilt or innocence of the crime charged.' " United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987) (quoting United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 16
 The evidence of Clarissa's changed behavior is relevant. Her fear of strangers after witnessing the incident makes it more probable than not that a rape, rather than consensual sex, occurred. Although the probative value of this evidence is minimal, we cannot say that it was substantially outweighed by the danger of unfair prejudice. We agree with the government that the testimony about Clarissa's behavior was brief and not unduly inflammatory. The district court did not abuse its discretion in admitting the testimony.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3