995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael LOPEZ-PARRA, Defendant-Appellant.
 No. 91-50747.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.
Submission Withdrawn Nov. 10, 1992.
Resubmitted May 24, 1993.
Decided May 28, 1993.
 
 Before D.W. NELSON, HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Lopez-Parra appeals from his sentence of 30 months imprisonment following a guilty plea to one count of transporting an undocumented alien in violation of 8 U.S.C. § 1324(a)(1)(B). He claims that the sentencing judge improperly considered a prior state conviction in determining his criminal history under the Sentencing Guidelines because the conviction was constitutionally invalid. The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.
 
 
 3
 * As a threshold matter, the government claims that Appellant is barred from collaterally attacking his prior conviction at sentencing. This argument is rather belated, as Appellant already did collaterally attack the prior conviction. The district court not only allowed Lopez-Parra to challenge the conviction's validity, it permitted numerous continuances to investigate the matter and an evidentiary hearing to resolve it. Although the government never objected in the district court when Appellant raised the issue, nor did it object to the manner in which the district court proceeded, it now argues that Lopez-Parra cannot attack his prior conviction. As a general rule, a party may not raise an issue for the first time on appeal. United States v. Brackeen, 969 F.2d 827, 829 n. 1 (9th Cir.1992) (en banc). In any case, we have recently rejected the government's position. United States v. Vea-Gonzales, 986 F.2d 321 (9th Cir.1993).
 
 II
 
 4
 The validity of a guilty plea depends on whether it is made voluntarily, knowingly, and intelligently. It must represent a voluntary and intelligent choice among the defendant's available alternatives. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1494 (9th Cir.1991), rev'd on other grounds, 112 S.Ct. 1715 (1992). A guilty plea must be made with an understanding of the charge and consequences of the plea, and may be constitutionally invalid if the defendant does not understand the nature of the protections he is waiving by pleading guilty. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976) (citations omitted); United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990) (citing Henderson ). When the validity of a guilty plea is attacked in a subsequent sentencing proceeding in which the prior conviction results in sentence enhancement, the burden of proving that these standards were not met rests upon the defendant. Newman, 912 F.2d at 1122.[1]
 
 
 5
 Appellant does not so much challenge the voluntariness of his prior guilty plea as he does its "knowingness." The factual issue of whether a defendant subjectively understood the consequences of his guilty plea, and other factual matters concerning a prior conviction, are reviewed for clear error. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986); Newman, 912 F.2d at 1123. Likewise, findings regarding the adequacy of translation are findings of pure historical fact, reversible if clearly erroneous. Tamayo-Reyes v. Keeney, 926 F.2d at 1496. A facially valid prior conviction is de facto "presumed" valid in the absence of sufficient evidence to the contrary, because the burden is on the defendant to prove otherwise. Newman, 912 F.2d at 1122. This "presumption" extends to the constituent parts of a conviction: the guilty plea, the waivers, and here, the translation. So the burden lies with Lopez-Parra to prove by a preponderance of the evidence that the translation was inadequate. Appellant did not carry his burden of persuading the district court that he did not understand what he was doing when he pled guilty, and we are unable to say that the district court's conclusion was clearly erroneous.
 
 
 6
 Although no transcript of the proceedings could be found, the certified record of the October 28, 1986 conviction affirmatively discloses that the necessary advisements were given to Appellant. The court docket and "Advisement of Rights, Waiver and Plea Form," properly signed and initialed by Appellant, indicate that the court advised Defendant of all of his rights, the consequences of a guilty plea, and the perils of self-representation, and that he knowingly and voluntarily waived them all. The records indicate that an interpreter read the Advisement and Waiver to Appellant in Spanish. The docket's recitals and the presence of the interpreter support an inference that there was a plea colloquy, and that the docket's advisements and warnings were translated into Spanish as well. If the translator read with comprehension and translated accurately, the waiver language was sufficiently self-explanatory to advise Appellant of the rights he was waiving by pleading guilty. Although a transcript is missing, this is not a case of a silent record.
 
 
 7
 To refute this evidence, Lopez-Parra proffered his testimony that the interpreter's Spanish was very poor, and that he was given the understanding that the charge would be dismissed if he signed the documents. He also indicated there was an arrest record from the incident showing that at the time of his arrest he refused to waive his Miranda rights, although the document does not appear to be part of the record in this case. Appellant did not attempt to subpoena the interpreter, to produce evidence of the interpreter's practice, evidence of the trial court's plea-taking practice, evidence that the Spanish language translation of any of the terms or legal concepts used in the forms is somehow inadequate or easily susceptible of error, or evidence substantiating his proclaimed understanding of events.
 
 
 8
 The district court found that the fact that Defendant "signed these forms in the presence of a Spanish interpreter, who also signed that he read the forms and explained it in Spanish to [the Defendant] is evidence which is not overcome" by Defendant's testimony. This determination essentially turns on Defendant's credibility, which the district court was in the best position to evaluate. We cannot say from the evidence Appellant presented that the district court clearly erred in holding that Lopez-Parra's proffered testimony was insufficient to prove by a preponderance of the evidence that Lopez-Parra did not know he was pleading guilty and believed the charge against him was being dismissed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties do not dispute that the government proved the fact of Appellant's prior conviction