**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert Lee WILLIAMS, Jr., Defendant—Appellant.**

No. 00–50297.

D.C. No. CR–99–01068–RSWL–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided May 22, 2001.

Before MAGILL **, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM *

Robert Lee Williams, Jr. appeals his jury conviction for assaulting a federal officer in violation of 18 U.S.C. § 111. Williams was involved in an altercation with the security guard at a Lancaster, California Social Security office. The struggle began inside the office and ended outside, where several witnesses saw Williams repeatedly strike the guard with a night stick.

On appeal, Williams contends the district court violated his Sixth Amendment rights when it limited his cross-examination of two government witnesses, Eason and Garcia. We review a trial court's limitation on cross-examination for an abuse of discretion, but review de novo whether such limitations violate the Sixth Amendment confrontation clause. *United States v. James*, 139 F.3d 709, 713 (9th Cir.1998). Any violation of the confrontation clause is subject to harmless error analysis. *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)

I. Eason

■ We need not decide whether Williams' confrontation rights were violated by the court's limitation on the cross-examination of Eason, because any potential error was harmless. In determining whether a violation is harmless, factors to be considered include "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and ... the overall strength of the prosecution's case." *Van Arsdall*, 475 U.S. at 684, 106 S.Ct. 1431.

Here, three witnesses reported seeing Williams beat Eason with the baton, as Eason was huddled on the ground shielding his head. A jury could have determined that such a use of force was unreasonable and, therefore, not in self-defense, as Williams argued at trial. *See United States v. Span*, 970 F.2d 573, 576 (9th Cir.1992) (listing elements of self-defense,

---

** The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

including the use of no more force than appears reasonably necessary, when defendant is charged with assaulting a federal officer). Eason's testimony was not crucial to the government's case and, in many respects, was cumulative. The government's case was supported by several witnesses and overall was strong. In addition, the court permitted otherwise extensive cross-examination of Eason. Any confrontation clause violation was therefore harmless.

## II. Garcia

During the entire cross-examination of Garcia, the government objected only once. After the court sustained the objection on relevance grounds, defense counsel stated she had nothing further—making no argument as to why the question was relevant. She did not return to the question on re-cross. On such a bare record, there can be no viable confrontation clause violation. *See United States v. Kinslow*, 860 F.2d 963, 967 (9th Cir.1988) ("minimal record" could not support a confrontation clause violation where the court sustained the government's objection during cross-examination, the defense moved on to another line of questioning and "failed to pursue the matter with the court"), overruled on other grounds by *United States v. Brackeen*, 969 F.2d 827 (9th Cir.1992).

AFFIRMED.