**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Frank SOUTHERLAND, Defendant— Appellant.**

**No. 04–50075.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2005.*

Decided June 10, 2005.

Teresa S. Mack, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before: LEAVY, FISHER, and BYBEE, Circuit Judges.

MEMORANDUM **

The district court did not abuse its discretion by excluding the sexual nature of a prosecution witness's prior conviction under FED.R.EVID. 609(a). The prior conviction did not involve dishonesty or a false statement. *See United States v. Brackeen*, 969 F.2d 827, 831 (9th Cir.1992) ("Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by defini-

---

tion entail some element of misrepresentation or deceit, and not to those crimes which, bad though they are, do not carry with them a tinge of falsification.") (citations omitted). Moreover, the sexual nature of the conviction, as opposed to the fact of the conviction itself, carried almost no probative weight. Similarly, Appellant has not established a Sixth Amendment violation arising from the exclusion.

In addition, we find no due process violation arising from the prosecution's disclosure, mid-trial, of a letter written by Appellant. The letter went to a collateral issue and Appellant has not established that he was prejudiced by the late disclosure. *See Banks v. Dretke*, 540 U.S. 668, 671, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004). Accordingly, Southerland's conviction is AFFIRMED.

Finally, because Southerland did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073, —— —— (9th Cir.2005) (en banc).

AFFIRMED in part; REMANDED in part.

---

\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.