**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10397 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00069-MMD-WGC-1 |
| v. | |
| JOHN THOMAS ABRAMS, AKA David Blackwell, AKA Buck, AKA David George Garnett, AKA John McDonald, AKA John Gordon Walker, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted November 14, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and EZRA,** District Judge.

Appellant picked up two 15-year-old hitchhikers outside of Sacramento,

California, under the pretense of giving them a ride to their desired destination.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

However, instead of doing so, he is alleged to have used threats and physical violence to keep them from escaping his control. During this period, he is further alleged to have sexually assaulted the female victim, both in California and after traveling with the pair to Reno, Nevada. Appellant was convicted after a jury trial of: (1) two counts of kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (g)(1); and (2) one count of transportation of a minor for illegal sexual purposes, in violation of 18 U.S.C. § 2423(a).

Appellant now appeals his conviction, arguing: (1) his rights to self-representation and due process were violated; (2) Rule 413 of the Federal Rules of Evidence is unconstitutional, and even if constitutional, Rules 413 and 403 were improperly applied in admitting prior-bad-acts evidence in his case; (3) reversible prosecutorial misconduct was committed; (4) the district court erred in denying his motion to inspect a particular piece of evidence; (5) the evidence was insufficient to support his convictions; (6) the district court erred in denying his motion for a new trial; and (7) cumulative error warrants reversal.

**Self-Representation and Due Process**

**Grant of Self-Representation.** The validity of a *Faretta* waiver is reviewed de novo. *United States v. Erskine*, 355 F.3d 1161, 1166 (9th Cir. 2004). Appellant argues the trial court erred in: (1) conditioning its grant of self-representation on not granting any further continuances; (2) granting self-representation while

finding it was for purposes of delay and while aware Appellant was claiming he suffered from mental illness, including schizophrenia.

Appellant's first argument fails because it misstates the record. The record reveals nothing more than that the trial court denied the motion to continue that was currently pending before it at the time it decided Appellant's motion to proceed *pro se*—cautioning Appellant that the grant of *pro se* representation was not sufficient to warrant a continuance at that time, 77 days prior to trial.

Appellant's second argument similarly fails. The record is clear that the trial judge satisfied her obligation to advise Appellant of the warnings required under *United States v. Farhad*, 190 F.3d 1097, 1099 (9th Cir. 1999) (per curiam).

Further, mental illness, including schizophrenia, let alone the mere possibility of mental illness, does not make a waiver unknowing or unintelligent. The competency requirement in this context is the same as that required for standing trial. *Godinez v. Moran*, 509 U.S. 389, 399–400 (1993). The mental illnesses alleged by Appellant do not render him incompetent. *See United States v. Garza*, 751 F.3d 1130, 1136 (9th Cir. 2014) ("Even a mentally deranged defendant is out of luck if there is no indication that he failed to understand or assist in his criminal proceedings."); *Bassett v. McCarthy*, 549 F.2d 616, 619 (9th Cir. 1977) (holding that a schizophrenia diagnosis "do[es] not necessarily imply that [petitioner] did not understand the proceeding or could not cooperate with his

3                                                                    16-10397

counsel").

**Denial of Requested Continuances.** The standard of review for the grant or denial of continuances is "clear abuse of . . . discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985). At a minimum, the appellant must show prejudice resulting from the court's denial. *Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985). The prejudice inquiry focuses on the "extent to which the aggrieved party's right to present his defense has been affected." *United States v. Mejia*, 69 F.3d 309, 318 n.11 (9th Cir. 1995).

Appellant cannot show the required prejudice. A continuance would not have changed the fact that the motions he referenced were already decided. More importantly, the returned mail originated from the court, not from the Government's efforts to serve him with their motions. There is no evidence Appellant failed to receive any of these motions in a timely manner. Thus, no prejudice could flow from the Government's filing of notices of non-opposition either. The witness unavailability Appellant complains of was not the basis for any of the denied motions to continue he now appeals.

Appellant's lack of preparedness claim is belied by the record. "General allegations that a continuance would have allowed [defendant] to prepare a better defense . . . [are] insufficient to allow [the Court] to find an abuse of discretion." *United States v. Sarno*, 73 F.3d 1470, 1493 (9th Cir. 1995). Appellant does not

point to examples of how this lack of preparation manifested, and the record reveals he did a reasonable job of defending himself. Further, any inability to coordinate with his investigator was of his own making. He had over two months prior to trial to work with the investigator through stand-by counsel, even after an initial delay resulting from his lack of direct control over the investigator. Finally, Appellant's invitation for the Court to go diving for prejudice is insufficient. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (finding that conclusory and passing arguments "not supported by citations to the record or to case authority are generally deemed waived").

**Shackling During Trial.** A district court's decision to shackle a defendant during trial is reviewed for abuse of discretion. *United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015); *see also Jones v. Meyer*, 899 F.2d 883, 884–85 (9th Cir. 1990). Contrary to Appellant's contention, "we have never held, and we refuse to hold now, that a trial court must conduct a hearing and make findings before ordering that a defendant be shackled." *Cazares*, 788 F.3d at 965.

None of the arguments on this issue is persuasive. "The [trial] judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures." *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994) (per curiam). The district court's finding of compelling circumstances—based on (1) the nature of Appellant's charges as

5                                                                  16-10397

involving threats and violence; (2) Appellant's lengthy criminal history; (3) Appellant's possible mental instability; and (4) the close proximity in which he would be to his alleged victim—was not an abuse of discretion. Finally, shackling only in padded leg irons, draping of counsel table to hide the leg irons, and bringing the defendant in and out of the courtroom outside the jury's presence are "reasonable measures to protect [the] presumption of innocence" constituting the "assess[ment] and utiliz[ization] of less restrictive alternatives[,]" *id.* at 51–52, which render Appellant's assertion of prejudice based on shackling "meritless," *United States v. Fernandez*, 388 F.3d 1199, 1245 (9th Cir. 2004).

**Denial of Assorted other Pretrial Motions.** "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S. 806, 835 (1975). Yet we have recognized that "[a]n incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985). In this case, however, Appellant received "reasonable access" to his legal materials. *United States v. Brugnara*, 856 F.3d 1198, 1211 (9th Cir. 2017). The district court did not clearly err in finding that he had received all relevant discovery materials. While Appellant also alleged limited access to online resources, the issues at trial were primarily factual, and stand-by counsel, who

16-10397

frequently worked with Appellant, was available to assist if asked. As a whole, the record reveals Appellant received "unprecedented" access to resources at the two facilities he was incarcerated in during the lead-up to trial.

**Admission of Rule 413 Evidence**

**Constitutionality of Rule 413.** Appellant argues Rule 413 of the Federal Rules of Evidence is unconstitutional as a violation of due process and equal protection. We conclude Rule 413 does not violate due process. The introduction of propensity or character evidence "can amount to a constitutional violation only if its prejudicial effect far outweighs its probative value." *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001). "As long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded." *Id.*

Nor does Rule 413 violate equal protection. Because Rule 413 does "not burden a fundamental right, and because sex offenders are not a suspect class," Rule 413 is "constitutional if it bears a reasonable relationship to a legitimate government interest." *See id.* at 1031. Rule 413 furthers the legitimate government interest in prosecuting crime effectively "by allowing prosecutors to introduce relevant evidence to help convict sex offenders." *Id.*

**Admission of the Prior-Bad-Acts Evidence Under Rules 413 and 403.** A

district court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Blackstone*, 56 F.3d 1143, 1145 (9th Cir. 1995). Appellant argues the evidence was improperly admitted under Rule 413 because: (1) it was admitted without an evidentiary hearing, in contradiction of the district court's original *in limine* order; (2) Appellant did not receive timely notice, as required by the rule; and (3) admitting the evidence without an evidentiary hearing was improper.

Appellant's first argument fails because *in limine* rulings are always preliminary and subject to revision. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *Luce v. United States*, 469 U.S. 38, 41–42 (1984). Appellant's second argument fails because he was given timely notice by the Government's filing of its *in limine* motion, which detailed the evidence it sought to admit, more than 100 days before trial. The purpose of Rule 413's notice requirement is to "protect[] against surprise and allow[] the defendant to investigate and prepare cross-examination." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). Appellant "received all of the notice that [Rule 413] requires" as "there [was] no possibility that Defendant was unfairly surprised by the evidence." *United States v. Mandoka*, 869 F.3d 448, 455 (6th Cir. 2017). Appellant's final argument also fails because an evidentiary hearing outside the presence of the jury is not required. *See United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994); *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990). Further, the threshold

preponderancy requirement for admission of prior-bad-acts evidence can be based on evidence proffered by the government other than live witness testimony, *LeMay*, 260 F.3d at 1023–24, especially where, as here, the prospective witness testimony is corroborated. *Enjady*, 134 F.3d at 1343.

Appellant further argues that in applying the factors articulated by this court in *LeMay* for evaluating prior bad acts of sexual misconduct pursuant to making a Rule 403 determination the district court abused its discretion.

This Court finds the trial judge did not abuse her discretion in finding the similarity factor weighed in favor of admission. The following facts support the trial judge's conclusion: (1) the allegations all consisted of forcible vaginal and anal rape; (2) Appellant established a rapport with the victims before assaulting them; (3) Appellant used threats and force to gain compliance; (4) the women he assaulted were all of similar height, age, and physical appearance; (5) two of the women—as well as a third different witness—described Appellant forcing them to perform violent oral sex on him to the point of vomiting or nearly vomiting; and (6) each woman reported being in fear of Appellant that caused her not to report his abuse or attempt to escape.

The trial judge also did not abuse her discretion in finding the temporal proximity factor weighed in favor of admission or was neutral. While the time lapse in this case is significant, the number of similarities between the allegations

16-10397

here and the prior acts admitted under Rule 413 support the trial judge's admission of the evidence.

Finally, as long as the district court properly considers and balances the five *LeMay* factors, that court has not abused its discretion in admitting Rule 413 evidence under Rule 403.

**Prosecutorial Misconduct**

Where a defendant fails to raise the issue of prosecutorial misconduct at the trial court, the standard of review is plain error. *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006). The Government's limited and infrequent description of Appellant's conduct as "rape" or "sexual assault" when questioning witnesses was not error, let alone plain error. "[T]here is no rule of evidence or ethics that forbids the prosecutor from referring to the crime by its common name when examining a witness. There is no rule requiring the prosecutor to use a euphemism for it or preface it by the word 'alleged.'" *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995).

**Failure to Permit Inspection of Evidence**

Evidence must be disclosed to a defendant if it is "material," meaning "there is a reasonable probability that, had the evidence been disclosed to the defense, the results of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also* Fed. R. Crim. P. 16(a)(1)(E). Appellant argues he

was entitled to access to an iPod used by the victims while in his custody. However, Appellant was provided several copies of a forensic CD copy of the data contained on the iPod, and he even used excerpts from this data report at trial. Appellant could not point to any basis to conclude physical access to the iPod would have led to any further relevant evidence not already contained in the forensic copy. Physical access to the iPod was therefore not material because there is no reasonable probability such access would have led to a different result in his case.

**Sufficiency of the Evidence**

When challenged based on evidentiary sufficiency, a jury's verdict is affirmed "if, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Temkin*, 797 F.3d 682, 688 (9th Cir. 2015) (internal quotation marks omitted). Appellant has waived his arguments on this issue by failing to support them with citations to case law or the record. *Graf*, 610 F.3d at 1166; *see also* Fed. R. App. P. 28(a)(8)(A).

Nonetheless, the evidence sufficiently supports the jury verdict. Appellant argues the record fails to establish he formed the intent to commit any crime of a sexual nature prior to crossing state lines, as required under 18 U.S.C. § 2423. Proving intent only requires that the illegal sexual activity be "one of the dominant

purposes" of the interstate transportation. *United States v. Kinslow*, 860 F.2d 963, 967 (9th Cir. 1988), *disapproved of on other grounds by United States v. Brackeen*, 969 F.2d 827, 829 (9th Cir. 1992) (en banc) (per curiam). Both of the victims testified that Appellant began sexually assaulting the female victim prior to leaving California, as well as after reaching Nevada. Where sexual misconduct occurs both before and after crossing state lines, "[a] rational trier of fact could have found that one of the dominant purposes [of the interstate transportation was] immoral, sexual purposes." *Id.* at 967–68.

Appellant also argues that the evidence in the record indicating his victims were often by themselves, given money, and had a degree of freedom and the ability to leave precludes kidnapping as a matter of law. However, the plain language of the statute does not require physical restraint; kidnapping can also be effectuated by psychological means. *See* 18 U.S.C. § 1201(a); *see also United States v. Wesson*, 779 F.2d 1443, 1444 (9th Cir. 1986) (per curiam). The victims testified that Appellant lied about his willingness to give them a ride to get them to go with him. They testified they were repeatedly threatened and often kept separated—from each other and from their possessions—and that fear of retaliation kept them from running away. On at least one occasion, one victim was physically attacked. The victims appeared terrified of Appellant when they were finally rescued. And the Government's expert witness explained why some freedom of

movement and the apparent ability to leave one's captor did not preclude restraint and control through psychological means. The evidence was thus sufficient to support Appellant's conviction on all three counts.

**Motion for a New Trial**

Denial of a motion for a new trial is reviewed for abuse of discretion. *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2011). Defendant argues, based on his arguments previously advanced, that denial of his motion for a new trial was an abuse of discretion. Again, Appellant has waived his arguments on this issue by failing to support them with citations to case law or the record. *Graf*, 610 F.3d at 1166; *see also* Fed. R. App. P. 28(a)(8)(A). Further, Appellant's arguments on this issue are cumulative of—and stand or fall on the merits of—the arguments already advanced in some of his other issues on appeal. He also raises cumulative error as a separate issue on appeal. Thus, this issue presents no additional or independent grounds on which to reconsider his conviction.

**Cumulative Error**

"[C]umulative error is simply inapplicable" to claims of error the court rejects. *Fernandez*, 388 F.3d at 1256. Absent multiple errors, there is nothing to cumulate, and reversal is not warranted. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

For the reasons stated above, we **AFFIRM** Appellant's convictions.

16-10397

**AFFIRMED**